Appeal from city court, general term.

Jennie E. Kent sued Richard C. Sibley and H. B. Riggs on an undertaking given on appeal in the city court of New York. Plaintiff demurred to defendants' second defense, and the demurrer was sustained. The general term of the city court affirmed the judgment, and defendants appeal.

Argued before LARREMORE, C. J., and ALLEN, BOOKSTAVER and DALY, JJ.

Le Barbier & Brewster, for appellants. Pelton & Poucher, for respondent.

---

### KENT v. SIBLEY et al.

(Common Pleas of New York City and County, General Term. May 9, 1889.)

APPEAL—AMENDMENT OF NOTICE.

Under Code Civil Proc. N. Y. § 1303, providing that when an appellant seasonably serves notice of appeal, but through mistake or inadvertence neglects any act necessary to perfect the appeal, the court may, on proper showing, allow amendments, a notice of appeal may be amended by inserting the word "judgment" for the word "order."

Appeal from special term.

Defendants were permitted to amend a notice of appeal served by them on plaintiff by inserting the word "judgment" in place of the word "order." Plaintiff appeals. Code Civil Proc. N. Y. § 1303, is as follows: "Where the appellant, seasonably and in good faith, serves the notice of appeal upon the clerk, or upon the adverse party or his attorney, but omits, through mistake, inadvertence, or excusable neglect, to serve it upon the other, or to do any other act necessary to perfect the appeal or to stay the execution of the judgment or order appealed from, the court in or to which the appeal is taken, upon proof by affidavit of the facts, may, in its discretion, permit the omission to be supplied, or an amendment to be made, upon such terms as justice requires."

Argued before LARREMORE, C. J., and ALLEN, BOOKSTAVER, and DALY, JJ.

Pelton & Poucher, for appellant. Le Barbier & Brewster, for respondents.

PER CURIAM. The original notice of appeal was from the judgment. The error occurred from making the copies of the notice to be served; and under section 1303 of the Code, where an appeal had been taken in good faith, any defect may be cured. We therefore think that the order should be affirmed, with costs.