## *In re* TUBBEE'S ESTATE.

No. 4577.   Opinion Filed June 22, 1915.
(149 Pac. 1120.)

**COURTS—County Courts—Appeal to District Court—Compliance With Statute—Notice—Bond.** Section 5455, Comp. Laws 1909 (section 6505, Rev. Laws 1910), prescribing the manner of taking appeals from the county to the district court, may be complied with by dictating into the record the notice of appeal, at the time the order appealed from is made, and in open court, and in the presence of the appellee and his counsel, and by executing and filing the required appeal bond within ten days thereafter.

(Syllabus by Galbraith, C.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

In the matter of the estate of Rachel Tubbee and others, minors, George Terry, guardian. The guardian filed his final report, and certain items thereof were disallowed by the county court, and, from a judgment of the district court refusing to dismiss the guardian's appeal, the heirs bring error. Affirmed.

*Chas. Von Weiss,* for plaintiffs in error.

*I. R. Mason,* for defendant in error.

Opinion by GALBRAITH, C.   George Terry, as guardian of Annie Tubbee and others, filed his final report in the county court of Carter county. On consideration thereof the county court disallowed a number of items of expense and other charges made therein against the wards. When this order was announced, and while the wards and their counsel were present, in open court, the guardian had his exceptions to the order noted, and then and there gave notice of his purpose to appeal to the district court of

Carter county, and dictated the notice of appeal into the record, which was taken by the court stenographer, and, upon request of the guardian, the court fixed the amount of the appeal bond. The guardian executed the bond, which was duly approved by the county judge, within ten days of that date, and a transport of the proceedings was duly lodged in the district court of Carter county.

When the case came on for hearing in the district court, the wards, through their counsel, presented a motion to dismiss the appeal, for the reason that no notice of appeal had been filed with the judge of the county court, as required by the statute. On the hearing, the court denied this motion, and this ruling is the one assignment of error relied upon for a reversal of the judgment.

The sections of the statute relied on are section 5454, which fixes the time for appeal for one present at the time the order was made at ten days from the date of such order, and section 5455 of the Compiled Laws of 1909. It will be observed that section 5455 provides that the appeal must be taken:

"(1) By filing a written notice thereof with the judge of the county court," etc.; and (2) "by executing and filing within the time" fixed in section 5454, "such bond as is required," etc.

These sections of the statute were brought forward from the Statutes of 1890, and they are also brought forward in the Revised Laws of 1910 as sections 6504 and 6505.

The only question presented on this appeal is whether or not dictating the notice of appeal into the record, in open court, in the presence of the appellee and his counsel, is sufficient compliance with this statute requiring the

filing of written notice of appeal with the judge of the county court.

It is contended on behalf of the plaintiffs in error that this is not sufficient; that the terms of the statute are mandatory; and that the right of appeal depends upon the statute, and, in order to perfect an appeal, the provisions of the statute must be literally complied with, and that, not having been done in this instance, the district court did not acquire ᵒjurisdiction of the cause on appeal, and therefore erred in denying the motion to dismiss the same. On the other hand, it is contended by the defendant in error that the purpose of the statute is to give notice and to bring to the attention of counsel and the parties affected, that the cause is to be apppealed, and that every purpose of this statute was accomplished by dictating the notice of appeal into the record, in open court, and in the presence of the parties and their counsel, as was done in this case.

Counsel has not furnished us with citation of authority where the exact point involved in this case has been adjudicated, and our research has not enabled us to find any. However, analogous cases are accessible.

In *Starkweather v. Bell*, 12 S. D. 146, 80 N. W. 183, from the Supreme Court of South Dakota, a statute similar to that above quoted was construed. In that case a notice of appeal in writing was delivered to the clerk, who put the filing mark of the circuit court thereon. The notice was never delivered nor filed with the county judge, as prescribed by the statute. The appellee moved to dismiss the appeal in the district court, because the notice of appeal had not been filed with the judge of the county court, as required by statute. The court permitted the county judge to mark the notice of appeal as filed of the

date delivered to the clerk, and permitted the clerk to correct his filing so as to show the notice was filed in the county court and not in the circuit court. The court, in the opinion, says:

"In this case it clearly appears from the statement of the clerk of the circuit court that the notice of appeal and undertaking were in fact filed with the county judge, but that, through inadvertence, the county judge omitted to indorse the filing thereon, and the clerk of the circuit court and *ex-offico* clerk of the county court also, by inadvertence, indorsed the papers as filed in the circuit court instead of the county court. If the notice of appeal and undertaking were in fact filed with the county judge, and placed in the files of the county court by the *ex-officio* clerk of that court, the law was complied with, notwithstanding the indorsements of such filing were not made upon the papers."

*In Re Will of Madden,* 104 Wis. 61, 80 N. W. 100, the statute governing appeals in probate matters required service of the notice of appeal to be made upon the clerk of the circuit court, where the judgment appealed from was entered, and the notice and service thereof to be certified as a part of the record on appeal. In that case the notice of appeal was delivered to the clerk, and returned with the record to the appellate court, and, in denying the motion to dismiss the appeal, the court said:

"The delivery to the proper clerk of a notice of appeal for the purpose of complying with the appeal statute constitutes a literal compliance therewith, and the clerk's filing thereon sufficiently proves the service. The return of the notice served and filed complies, literally, with the statute requiring the notice of appeal to be so returned."

Under the federal practice, where a citation is required to perfect an appeal, it is held that, where the record shows that the appeal was prayed and allowed in open court, no citation is necessary.

In *Dodge v. Knowles*, 114 U. S. 436, 5 Sup. Ct. 1108, 29 L. Ed. 296, the Supreme Court of the United States says:

"The citation is intended as notice to the appellee that an appeal has been taken and will be duly prosecuted. No special form is prescribed. The purpose is notice, so that the appellee may appeal and be heard. The judicial allowance of an appeal in open court at the term at which the decree has been rendered is sufficient notice of the taking of an appeal."

It will be observed that section 5455, under consideration, dispenses with any further notice to the appellee, other than "by filing a written notice thereof with the judge of the county court," as follows:

"It shall not be necessary to notify or summon the appellee or respondent to appear in the district court, but such respondent shall be taken and held to have notice of such appeal in the same manner as he had notice of the pendency of the proceedings in the county court."

If the purpose of requiring the filing with the county judge is "notice, so that the appellee may appear and be heard," and we believe that it is, then this purpose is fully served by dictating the notice into the record, in open court, and in the presence of the appellee and his counsel. The notice so given would properly appear in the transcript transmitted to the district court as it did in the amended transcript in the instant case.

We therefore conclude that the notice of appeal was sufficient, and the district court did not err in overruling the motion to dismiss the appeal.

We recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.