MAX ROTHENBERG, Appellant, *v.* BARNETT METZGER and Others, Defendants, Impleaded with LOUIS I. HARRIS, Respondent.

Second Department, December 13, 1929.

*Herman Silverman* [*Joseph A. Fontanelli* with him on the brief], for the appellant.

*Pearson E. Neaman* [*George Gordon Battle* with him on the brief], for the respondent.

YOUNG, J. The respondent applied for an order correcting the appellant's amended complaint and striking out portions thereof, and an order was made on February 7, 1929, granting *inter alia* his motion to strike out paragraph 12 and denying it as to paragraph 18 thereof. This order with notice of entry was served on February 11, 1929, and thereafter respondent served an answer. On March 8, 1929, respondent served a notice of appeal from so much of the order as denied his motion to strike out paragraph 12 of the amended complaint. On March sixteenth he served an amended answer, and on March twenty-fifth he moved to amend the notice of appeal by substituting paragraph 18 in place of paragraph 12. In support of that motion, respondent submitted an affidavit reciting the fact of his motion to correct the complaint and to strike out certain paragraphs, including paragraphs 12 and 18 thereof, as irrelevant, etc., and the making of the order of February 7, 1929. The affidavit also alleges a motion for reargument and an order made denying the same on February 9, 1929; also the service of the notice of appeal which is annexed to the affidavit. It is further alleged in substance that it was the intention of the respondent to appeal from that part of the order which denied his motion to strike out paragraph 18, and that the insertion of paragraph 12 was inadvertent. In opposition to the motion, the appellant submitted an affidavit which recites substantially the foregoing facts, and further alleges that defendants' time to appeal from the order has expired, and that such time to appeal cannot be enlarged indirectly by granting respondent's motion, and, furthermore, that the respondent, by answering the complaint, has waived his rights upon the appeal.

The learned Special Term granted respondent's motion and plaintiff has appealed.

The appellant contends that the order appealed from improperly extends the respondent's time to appeal after that time has expired, and asserts that this cannot be done. If this is really the effect

of the order appealed from, appellant's position is sound. On the other hand, it seems quite clear that the respondent's notice of appeal from so much of the order of February seventh which denied his motion to strike out paragraph 12 was erroneously drawn, and that the insertion of the word " Twelfth " in the notice was plainly inadvertent; because obviously the order appealed from did not deny respondent's motion to strike out paragraph 12, but, on the contrary, granted that motion. What it did deny and what respondent evidently intended to appeal from was that part of the order denying his motion to strike out paragraph 18. Respondent contends that under section 105 of the Civil Practice Act, relating to mistakes, omissions, defects and irregularities, the court had power to make the order appealed from.

In *Vose* v. *Conkling* (159 App. Div. 201) an amendment was allowed of a notice of appeal so as to specify an appeal to the Appellate Division instead of to the Court of Appeals, although the time to appeal had expired. The court in that case allowed this amendment under section 1303 of the Code of Civil Procedure (now section 107 of the Civil Practice Act), which provides that, where an appellant seasonably and in good faith serves a notice of appeal, either upon the clerk or upon the adverse party, but omits, through mistake, inadvertence or excusable neglect, to serve it upon the other, or to do any other act necessary to perfect the appeal or to stay execution, the court, upon proof of the facts, may permit the omission to be supplied or an amendment to be made upon such terms as justice requires.

In *Kirschner* v. *Abbotts Bakeries, Inc.* (92 Misc. 402) the court allowed an amendment *nunc pro tunc* of a notice of appeal so as to change the name of the defendant.

In *Kent* v. *Sibley* (5 N. Y. Supp. 448) an amendment was allowed by inserting in the notice of appeal the word " judgment " in place of the word " order."

In my opinion the court had power to allow the amendment in question.

But it is further contended by the appellant that the respondent, by interposing an answer to the amended complaint, waived his right to appeal and abandoned his motion. This contention is based upon section 282 of the Civil Practice Act, which provides that the service of an answer or reply to a pleading to which a motion has been addressed shall be deemed an abandonment of the motion. This would probably be true as to any motion addressed to the amended complaint which took the place of the former demurrer.

In *255 Fifth Avenue Corp.* v. *Freeman* (120 Misc. 472) the defend-

ants moved to vacate a judgment entered on their default in appearance, and contended, among other things, that their time to answer was automatically extended under section 283 of the Civil Practice Act by their motion to make the complaint more definite and certain. That section relates to pleading after disposition of motion. The court in that case said: " Section 283, however, is found in the Civil Practice Act in article 27, entitled ' Pleadings,' and under the last subheading of that article called ' Objections to Pleadings.' The first section under that subheading is section 277, which provides: ' The demurrer is abolished. An objection to a pleading in point of law may be taken by motion for judgment as the rules provide.' The intermediate sections relate solely to such motions, formerly called demurrers, and it seems to me to be evident that section 283 is intended to be confined to such motions. To interpret it as intended to cover corrective and regulatory motions such as are provided for under Civil Practice Rules 102 and 103 would apparently be inconsistent with the scheme of the act, out of harmony with the context of the section, and completely change the former practice. There is no indication of an intention to accomplish so radical a result. In my opinion the motion to make the complaint more definite and certain was not an appearance by the defendants in the action, nor does it come within section 283 of the act so as to extend their time to answer."

Rule 102 of the Rules of Civil Practice relates to motions to make a pleading more definite and certain, and rule 103 provides for striking out sham, frivolous, irrelevant, redundant, etc., matter from a pleading. In my opinion, the reasoning of the opinion in the case last cited is equally applicable to section 282 of the Civil Practice Act, and it was so held in *Shipley* v. *Schmitzer* (224 App. Div. 730). It was intended that that section should apply only to cases involving demurrer under the Code of Civil Procedure. As, therefore, plaintiff's motion, so far as it was involved in the appeal from the order of February seventh, was to strike out paragraph 18 of the amended complaint as irrelevant, redundant, etc., under rule 103, the service of the answer did not abandon the motion or the appeal.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., RICH, SEEGER and SCUDDER, JJ., concur.

Order granting leave to defendant Louis I. Harris to amend notice of appeal affirmed, with ten dollars costs and disbursements.