Upon the petition of Parlie Douglas, the mother of Stella Pierce, a minor, the county court of Okmulgee county appointed G.L. Sandlin as guardian of the person and estate of the said Stella Pierce, a minor. The guardian qualified on January 19, 1933. Shortly thereafter Parlie Douglas and her husband, the stepfather of said minor, filed in the guardianship cause an instrument designated as a petition to dismiss the proceedings. This petition alleged that the minor had never been a resident of Okmulgee county, and that fraud had been practiced upon the mother and the court in procuring the appointment. This petition was set for hearing, but before hearing was had thereon the mother filed another pleading seeking to withdraw the petition to dismiss, and reasserting in the latter pleading that the minor was a resident of Okmulgee county. Shortly thereafter, and on March 10, 1933, W.E. Foltz, the United States Probate Attorney, sought and procured an order of the county court granting him leave to come into the case and represent the minor in his official capacity. The county court made an order permitting him to do so. On June 26, 1934, Parlie Douglas and her husband again filed a petition to dismiss the guardianship proceedings, based upon the same grounds as alleged in the former petition to dismiss. A hearing was had thereon, and on January 12, 1935, the county court denied the same. The Probate Attorney served notice of appeal to the district court, and the cause was thereupon transferred to that court upon appeal.
The cause was tried in the district court de novo, and that court, after hearing the testimony of numerous witnesses, at the close of the trial rendered judgment reversing the county court and ordering the guardianship proceedings dismissed and vacated for the reason that the county court was without jurisdiction to appoint a guardian for said minor, because the minor had never been a resident of Okmulgee county. From such judgment of the district court the guardian has perfected an appeal to this court.
The only two points urged are stated by appellant as follows:
"(1) The district court was without jurisdiction on the appeal for the reason that no appeal bond was filed as required by section 1401, Oklahoma Statutes, 1931.
"(2) That the parties filing the motion to dismiss are estopped from challenging the jurisdiction of the court for the reason that they themselves invoked it."
The appellant in support of his first point cites section 1401, O. S. 1931, Adair v. Montgomery. 74 Okla. 21, 176 P. 911; In re Durkee's Will, Norcom et al. v. Minor et al.,175 Okla. 360, 53 P.2d 576, and a number of other cases to the effect that the district court has no jurisdiction to entertain an appeal in such cases, unless an appeal bond is filed. *Page 545 
The Probate Attorney here asserts that in cases where he represents parties in his official capacity it is not necessary that such appeal bond be filed. He cites In re Hickory's Guardianship, 75 Okla. 79, 182 P. 233, and other cases to the same general effect and offers such cases as applicable here.
The guardian in reply asserts that the cases cited by the Probate Attorney on the point are not applicable for the reason that in the instant case the Probate Attorney is not representing the class of parties whom he is authorized to represent by the act of Congress discussed and construed in such cases.
We observe from the record that the parties proceeded to trial in the district court without in any manner raising the question of the authority of the Probate Attorney to represent the minor in this matter. No attack in any manner was made upon the order of the county court authorizing the Probate Attorney to represent the minor's interest. No attack was made in the district court or elsewhere upon the failure to file an appeal bond, and the trial court's attention was in no wise called to the fact that no appeal bond had been filed.
Under such circumstances, it is our view that Clark v. De Graffenreid, 64 Okla. 177, 66 P. 736, is applicable.
It is true that this court has in the cited cases held that the district court has no jurisdiction in appeals from the county courts unless the appeal bond is filed. In such cases, however, the trial court's attention 'appears to have been called to the failure to file the bond, and it appears, further, that in those cases no question arose as to whether or not the parties came within an excepted class as was true in the case of In re Hickory's Guardianship, supra. We also note the general rule that it is not necessary to raise the question of the lack of jurisdiction of the subject matter in the trial court for the purpose of review here. Such rule was applied in the case of Howard v. Arkansas, 59 Okla. 206, 158 P. 437, which is cited by the guardian. Such general rule, however, is not applicable under the present facts.
In the De Graffenreid Case, supra, we held in paragraph 3 of the syllabus as follows:
"Where a case is filed in a district court and purports to have been appealed to the same from a county court under the provisions of sections 1563 and 1564, Stats. 1890 (sections 6505 and 6506, Rev. Laws 1910), but no appeal bond has been filed therein or given as required by these sactions of the statute, the district court may, in the first instance, determine the question of its jurisdiction of the case; and, where no question of the jurisdiction of such court for want of such bond has been determined therein, the Supreme Court will not issue a writ of prohibition against the judges of such district court to prevent an exercise of jurisdiction in such case, notwithstanding the petitioner for such writ is not a party to such case at the time of the denial of his petition."
This court in that case clearly recognized an exception to the general rule. Therein we cite Dowell v. Caruthers,26 Kan. 720. In that case the court said:
"The court in that case held that the filing of a bond is a jurisdictional act, and that if no bond is filed, no jurisdiction is conferred upon the appellate court. This, we think, is generally true. Of course there are exceptions to this rule. If the plaintiff in this case had gone to trial without making any motion to dismiss the appeal, and had taken the chances of a finding or verdict in his favor, we do not think that he could then have moved to dismiss the appeal; and he might also by other acts have waived his right to make any such motion. * * *"
In 4 C.J.S., Appeal and Error, par. 258, at page 507, after stating the general rule, the exception is stated as follows:
"Where, however, a court has general jurisdiction of a class of cases, an objection that, because of irregularities or other special circumstances, it had no jurisdiction of a particular judgment, must generally have been made in the court below. * * *"
The text is supported by a substantial array of authorities.
That rule, which we apply here, is also aptly stated in 3 Amer. Jur., Appeal and Error, par. 412, as follows:
"The objection that an appeal to an intermediate tribunal was not duly perfected cannot ordinarily be raised for the first time in the higher appellate court."
A further reference to our statutes on appeal in such cases clearly indicates a legislative intent to permit amendments in furtherance of the appeal, and the intent to give the trial court a liberal discretion in permitting a compliance with the requirements of the statutes in that regard. Section 1414, O. S. 1931, provides in part as follows: *Page 546 
"* * * And when an appellant shall have given, in good faith, notice of appeal, but omits, through mistake, to do any other act necessary to perfect the appeal or to stay proceedings, the appellate court may permit an amendment, on such terms as may be just."
Such provision of the statute strongly supports our prior holding in the DeGraffenreid Case, supra, and our conclusion here, to the effect that the trial court has power to determine its own jurisdiction. The exercise of such power must depend upon the presentation of any material fact or circumstance to the attention of the court which affects such determination, and when the power is fully exercised upon the facts presented, a party will not be heard to present for the first time in this court the circumstance of failure to file bond, that being a new fact or circumstance which the trial court had no opportunity to consider, and which if presented would doubtless have resulted in a correction by the trial court.
In view of the foregoing we find no error with regard to appellant's first proposition.
In connection with the second proposition above stated, appellant contends that because the mother signed the petition for the appointment of guardian in the first instance which alleged that the minor resided in Okmulgee county, and by her conduct and acts procured such appointment, she cannot in this proceeding be heard to urge facts contrary to her former position and statements. He cites Bledsoe v. Seaman,77 Kan. 679, 95 P. 576; Johnson v. Gibson et al., 93 Okla. 194,220 P. 47, and other decisions dealing generally with the rule that parties may not invoke the jurisdiction of a court and obtain relief, and then repudiate the action of the court by claiming lack of jurisdiction upon the facts.
Such rule relates generally to adversary proceedings and appellant cites no case which would indicate that the rule has proper application in a case such as we have here. The proceedings had and taken upon the appointment of guardian, as well as the proceedings had concerning the present controversy, were all had for the benefit of the minor. It cannot be properly said that the representations made to the court by any of the parties were made in adversary proceedings or for the purpose of obtaining some direct legal benefit to the person making the statements concerning the residence of the minor upon which the jurisdiction of the county court in turn depended. The petition to dismiss the guardianship alleged that fraud was practiced upon the mother, and upon the county court, in procuring the appointment, in that Sandlin, the guardian, and others induced the petitioner to misrepresent facts concerning the minor's residence, and that Sandlin and his associates by fraud and corruption induced the illiterate mother to sign the application for appointment. Appellant's argument that the principle of estoppel is applicable here appears to us to be without merit.
We do not adopt the view taken by appellant on either of the two propositions urged for reversal, and the cause is therefore affirmed.
OSBORN, C. J., BAYLESS, V. C. J., and CORN and HURST, JJ., concur. PHELPS and GIBSON, JJ., dissent. RILEY and BUSBY, JJ., absent.