TALIAFERRO v. REIRDON et al.

*99 P. 2d 494.*

No. 29022. Jan. 16, 1940.

Rehearing Denied Feb. 27, 1940.

Geo. E. Rider, of Madill, and Busby, Harrell & Trice, of Ada, for plaintiffs in error.

Don Welch, of Madill, for defendants in error.

HURST, J. G. W. Taliaferro, guardian of Byrd M. Taliaferro, an incompetent, prosecutes this appeal from a judgment of the district court of Marshall county, affirming an order theretofore made by the county court of that county settling his final account and discharging him as such guardian. Two questions are presented by the guardian, which will be disposed of in order.

1. The guardian first contends that the order of the county court was prematurely entered, and that such order should not have been made until a final report in the estate of D. B. Taliaferro, deceased, then pending, had been passed upon by the county court. D. B. Talia- ferro died in 1927, leaving a will by the terms of which his property with the income therefrom was devised to Byrd M. Taliaferro, his widow, and G. W. Taliaferro, B. N. Taliaferro, Lorene Reirdon, and Mary Byrd French, his children. The terms of the will are set out in State ex rel. Reirdon v. County Court, Marshall County (1938) 183 Okla. 274, 81 P. 2d 488, and need not be restated here. Shortly after the death of D. B. Taliaferro, his widow became mentally feeble, and her son, who was also one of the executors of his father's will, was appointed her guardian. She died in 1935, and the final report of the guardian was filed in 1937. It was the first report filed by him. Objections were filed by the two sisters, and upon a hearing the county court surcharged the guardian for the rental on lands of the incompetent used by him during the guardianship, and allowed him a fee of $815.05, instead of $3,158.46, which is 10 per cent. on rentals and income collected. The guardian appealed. He asserts that under the terms of the will of D. B. Taliaferro it is not certain whether the incompetent was to receive the gross or net rentals from certain property, and that therefore he cannot know just what property and funds he will be charged with until a final report in that estate is acted upon and the will construed. However, the contention of the guardian that his mother was entitled only to the net rentals is conceded by the sisters.

In support of his contention the guardian cites 24 C. J. 52, wherein it is stated that one acting as executor and also as guardian of a beneficiary does not hold anything as guardian which has not been separated from the assets of the estate and properly placed to his account as guardian. He also cites 24 C. J. 934, wherein it is said that where one acts as executor, and also as guardian of the children of the deceased, he should first file his account as executor in order that it may be definitely ascertained what amount he should charge himself with, as guardian. We think the inapplicability of this law to the facts in the present case is obvious. Here the guardian

had received certain money and property belonging to the incompetent. It was right and proper that after her death he should account therefor. No question is raised by the objectors as to the amount of rentals received by him from the executors of the estate of D. B. Taliaferro. The same heirs would receive the money and property belonging to the incompetent, whether it was in the possession of the guardian or of the executors of the estate of D. B. Taliaferro, deceased, Furthermore, the question was not raised in the county court, but was first suggested by the guardian in his notice of appeal to the district court. And the district court, on appeal, may not consider and pass upon issues not raised in the county court. In re Barrett's Estate (1937) 181 Okla. 262, 72 P. 2d 482; Secrest v. Secrest (1930) 146 Okla. 235, 294 P. 91. We do not consider the order of the county court prematurely made.

2. The guardian next contends that the fees allowed him were less than those provided by statute, in that the amount was less than 10 per cent. of rentals collected by him. His argument is based upon the assumption that under section 1482, O. S. 1931, 58 Okla. St. Ann. § 884, he was entitled to receive such commission, and that the county court was without discretion in the allowance thereof.

Section 1482 provides that "guardians appointed by the county court shall not receive a *greater amount*" than 3 per cent. of oil and gas rents and royalties, and 10 per cent. of real estate rents, interest on loans, and all other income collected and accounted for by them, for their services, with a limitation of $4,000 per year in any one case.

We construe this section as fixing a maximum compensation, but not as precluding the allowance of less than the percentages therein specified. It is a limitation upon the power of the county courts in respect to the allowance of fees out of estates of minors and incompetents. In re Pitman's Guardianship (1927) 127 Okla. 210, 260 P. 452. The statement in Foreman v. Bryan (1930) 145 Okla. 1, 291 P. 33, that section 1482 amends 1481, and that it provides that the guardian shall receive 10 per cent. of the rents collected as compensation, is in both respects incorrect.

In the present case the guardian was also a co-executor of the estate of his deceased father, which estate owned all the property from which the rentals were collected, except one farm in Texas. No showing was made of difficulty in the collection of such rents. The guardian kept no accounts, the only record of his collections and disbursements being the deposit record of the bank in which the money was deposited and his checks. There is no evidence as to the time consumed in handling the affairs of the guardianship or as to the value of the services of the guardian. The county court was familiar with the circumstances, and allowed a fee of less than 10 per cent., and the district court on the evidence before it affirmed the allowance made by the county court. We see no error in such action.

Affirmed.

BAYLESS, C. J., and RILEY, GIBSON, and DANNER, JJ., concur.