In re WAGONER'S ESTATE.
WAGONER v. WAGONER et al.

No. 30212.     Oct. 28, 1941.

Rehearing Denied Nov. 18, 1941.

*118 P. 2d 1033.*

Brown Moore and Guy Horton, both of Stillwater (Walter Mathews, of Cushing, of counsel), for plaintiff in error.

O. A. Cargill, Howard K. Berry, and O. A. Cargill, Jr., all of Oklahoma City, for defendants in error.

GIBSON, J. This is an appeal from a judgment of the district court reversing the order and decree of the county court on the issue of testamentary capacity of the testator in a will contest case.

The will was denied probate in county court on the ground that the testator was mentally incompetent to execute a last will and testament. The proponent appealed to district court pursuant to section 1401, O. S. 1931, 58 Okla. Stat. Ann. § 725, by giving notice and filing bond as required by law. Trial de novo was had on the issue of fact, and the order of the county court was reversed and the will ordered admitted to probate.

The protestant appeals here, asserting that the notice of appeal was limited to questions of law alone and was therefore insufficient to confer jurisdiction on the district court to determine the issues of fact de novo.

The notice did not state in so many words that the appeal was on a question of law or of fact. It properly identified the order appealed from and contained the following provisions:

"This petitioner states that the court erred in denying said will to probate for the following reasons: . . .

"3. That said judgment and decision is not sustained by sufficient evidence and is contrary to law.

"4. Error of law occurring at the trial and excepted to by the petitioner."

Section 1401, supra, provides that the notice of appeal state the judgment, decree, or order appealed from, or some specific part thereof, "and whether the appeal is on a question of law, or of fact, or of both, and, if of law alone, the particular grounds upon which the party intends to rely on his appeal; . . . ."

When the appeal is on questions of law alone the district court may reverse, affirm, or modify the judgment or the part thereof appealed from, and the appellant may certify so much of the evidence as may be necessary to explain the grounds, and no more. Section 1411, O. S. 1931, 58 Okla. Stat. Ann. § 734. When the appeal is on questions of fact, or on questions of both law and fact, the trial in the district court must be de novo, conducted in the same manner as if the proceedings had originated there. Section 1412, O. S. 1931, 58 Okla. Stat. Ann. § 735.

Protestant says that the notice aforesaid presented merely the question whether the evidence in county court was sufficient to support the court's judgment, and that such question was wholly one of law, and, since this was the only question presented, the district court was without jurisdiction of the appeal further than to determine that question from the transcript; that it was without power to hear the case de novo and determine the issue of fact as to testamentary capacity of the deceased.

We agree with protestant that before the district court can hear and determine a probate cause appealed from the county court, its appellate jurisdiction must be invoked by a strict compliance with the statute regulating such appeals (Adair v. Montgomery, 74 Okla. 21, 176 P. 911); subject to the right to amend the proceeding under certain conditions on permission of the district court. Section 1414, O. S. 1931, 58 Okla. Stat. Ann. § 737. And this court has also held that where there is an entire failure of notice the appeal is a nullity (Sutter v. Sockey, 97 Okla. 107, 223 P. 161); and we have held that the statu-

tory provisions relating to the manner and time of taking such appeals are mandatory. Hines, Adm'r, v. Armstrong, 182 Okla. 344, 77 P. 2d 671. But this court has never held that the district court, after once acquiring jurisdiction of the appeal, may not determine every issue relevant to the controversy when the same is submitted by agreement or without objection on the part of the litigants.

In the ordinary appeal by case-made or transcript and bill of exceptions with petition in error, the assignment that the judgment is not supported by sufficient evidence will present only a question of law. And we do not say that the notice to that effect in the instant case presented other than a question of law. But, regardless of the meaning of the notice in this respect, it was sufficient to give the court jurisdiction of the appeal. This the protestant does not deny. And, having acquired complete jurisdiction, it had power, in our opinion, to fully determine every issue that was presented to the county court and there decided, unless objection was duly made by the litigants.

We see no logical reason why the district court by agreement of the parties may not entertain and determine any issue theretofore determined by the county court in the particular controversy, or why a party may not waive objection to the presentation of such issue. Where the notice, along with the other statutory requirements, is sufficient, as in this case, to confer jurisdiction of the appeal on the district court, such court should be allowed to determine every issue that is ordinarily within its power to determine under the statutes, subject only to the right of the appellee to require the appellant to confine his efforts on review to the grounds of appeal set out in the notice.

It is true that new issues may not be injected on appeal, and are not waived for failure to object thereto (Wise, Adm'r, v. Cutchall, 171 Okla. 60, 41 P. 2d 864), but the issues in such case are identified, not by the notice of appeal, but by the pleadings and record in coun-

ty court. Ordinarily, the district court can pass on every issue presented and tried in county court, but it is limited to those issues. Taliaferro v. Reirdon, 186 Okla. 605, 99 P. 2d 494. Its power, once it acquires jurisdiction, has never been otherwise limited.

In the instant case the protestant, without objection of any kind, allowed the proponent to present new evidence in district court on the issue of testamentary capacity, and offered counter evidence in his own behalf on that issue. The trial court heard the evidence and decided the issue against the protestant and entered judgment accordingly. Now, for the first time, the protestant says that the grounds or questions of appeal set out in the notice are jurisdictional matters going to the very power of the court on appeal; that the court exceeded its powers in deciding the issue of fact on trial de novo, and that it should have confined its review to the transcript of the evidence from county court.

But, as said above, the notice was sufficient to give the district court jurisdiction of the appeal, and the court having acquired jurisdiction, the parties were at liberty to waive strict adherence to the provisions of the notice relating to the questions to be reviewed, so long as the issues remained the same as those decided in county court. By failure to make timely objection to trial de novo in district court, he waived his right to have the review confined to questions of law.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. ARNOLD, J., absent.