271 P.2d 329 (1954)
In re CONCER'S ESTATE.
DOBSON et al.
v.
MACOM et al.
No. 35933.
Supreme Court of Oklahoma.
May 25, 1954.
*330 Hulsey & Hulsey, McAlester, for plaintiffs in error.
Windham & Windham, Poteau, for defendants in error.
BLACKBIRD, Justice.
Plaintiffs in error, hereinafter referred to as appellants, are the first cousins of the deceased, Mary Ann Concer, who, at the time of her death, was seized, among other property, of her allotment of land as a member of the Choctaw Tribe of Indians.
In the proceedings to determine who were decedent's heirs and to administer her estate in the County Court of LeFlore County, appellants were opposed by defendants in error, hereinafter referred to as appellees, who are the decedent's grand nieces.
It was conceded in the County Court that both appellants and appellees were related to the decedent in the same, or fourth degree of blood, but that the "common ancestor" of the decedent and the cousins, through whom the latter claimed, was the decedent's grandfather; while the "common ancestor" of the decedent and the grand nieces was the decedent's father. After attorneys for both groups had submitted to the County Court memorandum briefs on the question as to which of these relatives should inherit the estate, said Court determined that under Title 84 O.S. 1951 § 213, the appellees claiming through *331 the decedent's father were claiming under the "nearest" ancestor, as that term is used in said statute, and therefore should inherit all of the decedent's estate to the exclusion of the appellants. Said court thereupon entered an "Order Allowing Final Account, Determination of Heirship and Order of Distribution", in accord with its determination of the above described legal question.
From said determination, appellants sought to appeal to the District Court, and accordingly, within the ten days prescribed by statute, Title 58 O.S. 1951 § 724, filed in the county court a "Notice of Appeal", and an appeal bond. In this Notice of Appeal, they stated that they were appealing from "the judgment and decree" of the county court "determining the heirship" of decedent in favor of appellees "* * * on questions of law only * * *". After the appeal had been docketed in the District or appellate court, appellees filed in said Court a Motion to Dismiss the appeal on the ground that said Notice did not specify "the particular grounds upon which Appellants intended to rely * * *" nor state any legal question to be determined on the appeal, and therefore was wholly insufficient under the statutes to give said Court jurisdiction of the appeal. Thereafter appellants filed a Response to said Motion, denying that their Notice was insufficient to give the Court jurisdiction, but admitting that "through inadvertence apt words stating the precise question of law on which the appeal was based were omitted from said notice", and they added, among other things, that they desired to invoke the appellate jurisdiction of the court merely to reverse the county court's decree holding that, although appellants and appellees were related to the decedent in the same degree and of the same blood, the appellees inherited the decedent's entire estate, including her Indian allotment. In concluding this Response, appellants moved the court, in the furtherance of justice, to direct that said Response "be taken and considered as an amendment to the notice of appeal for all purposes."
Upon a hearing of the issues joined by the above-described Motion and Response thereto, the District Court sustained the Motion and dismissed the appeal. From said judgment of dismissal, appellants have perfected the present appeal to this Court.
A correct determination of the only issue before the District Court, and accordingly, the only one to be determined here, namely: The sufficiency of appellant's "Notice of Appeal," necessitates a proper interpretation of the following portions of Title 58 O.S. 1951:
"§ 725. Appeal  How taken.  The appeal must be made:
"1. By filing a written notice thereof with the judge of the county court, stating the judgment, decree, or order appealed from, or some specific part thereof, and whether the appeal is on a question of law, or of fact, or of both, and, if of law alone, the particular grounds upon which the party intends to rely on his appeal; and,
"2. By executing and filing within the time limited in the preceding section, such bond as is required in the following sections. It shall not be necessary to notify or summon the appellee or respondent to appear in the district court, but such respondent shall be taken and held to have notice of such appeal in the same manner as he had notice of the pendency of the proceedings in the county court."
"§ 737. Dismissal of appeal affirms county court  Amendment of error.  The dismissal of an appeal by the district court is in effect an affirmance of the judgment, decree or order appealed from; and when an appellant shall have given, in good faith, notice of appeal, but omits, through mistake, to do any other act necessary to perfect the appeal or to stay proceedings, the appellate court may permit an amendment, on such terms as may be just." (Emphasis added.)
It is plain from the above quotation of Section 725 that it provides for the doing of two acts, by appellant: (1) Giving notice of his appeal, and (2) Filing an appeal bond. We think it is clear from the *332 wording of Section 737, supra, that: "when an appellant shall have given, in good faith, notice of appeal, but omits, through mistake, to do any other act necessary to perfect the appeal" that said statute refers to the act of giving notice, rather than to the writing, or the instrumentality, used for that purpose; and that when appellant has "in good faith" given notice and substantially complied with the procedure prescribed by the statutes preceding said Section, the district court, may, if appellant has not complied with their letter, upon the conditions and under the circumstances named therein, allow him to amend.
A principle traditionally recognized by all courts, including our own, is that statutes giving the right to appeal must be liberally construed to serve the ends of justice. In re Benson, 178 Okl. 299, 62 P.2d 962; Transwestern Oil Co. v. Partain, 188 Okl. 97, 106 P.2d 263; Taylor v. Langley, 188 Okl. 646, 112 P.2d 411. In accord with this principle, the statutes under consideration have never been given a literal construction. Thus, though it would seem from a literal interpretation of the wording of Section 725, supra, that the notice of appeal therein contemplated is an individual or separate written instrument, yet this Court in the early case of In re Tubbee's Estate, 48 Okl. 410, 149 P. 1120, held that it may be complied with by dictating the notice into the record in open court in the presence of appellee and his counsel at the time the order appealed from is made. There, the court, after citing authorities to the effect that the purpose of such notice is that appellee may appear and be heard, concluded that such purpose was sufficiently served by that kind of notice. Our conclusion that the particular language of Section 737, supra, pointed out above, refers merely to the act of serving notice (or "filing", which, by the second paragraph of Section 725, supra, is made tantamount to serving) is strengthened by the cases in other jurisdictions on which this Court has relied in construing the broad power of the district court to permit "an amendment", to include its authorization of the filing of a proper appeal bond in cases where this has not been done within the time specified by our statutes on such procedure. One of these was Harjo v. Aubrey, 184 Okl. 344, 87 P.2d 140, wherein we cited, or quoted with approval, cases decided by the Courts of South Dakota, North Dakota, Oregon and New York, all of which states had statutes substantially the same as our Section 737, supra. While the North Dakota statute, RCND 1905, § 7969, referred to the act of giving the notice as "serving" it, rather than as "filing" it, still, In re Peterson's Estate, 22 N.D. 480, 134 N.W. 751, 754 (one of the cases cited in the Harjo Case, supra), shows that the provision giving the district court power to authorize an amendment when the appellant has omitted "to do any other act necessary to perfect the appeal", includes the power to authorize an amendment of the notice. There the court, among other things, so said, as follows:
"* * * The condition precedent to the permission of performance of other acts necessary to be done, including an amendment to the notice of appeal or filing of a new or amended undertaking, permitted under section 7969, is the seasonable and good faith service of a notice of appeal on some of the parties to the proceedings." (Emphasis added.)
And, in the case of In re Vasgaard's Estate, 61 S.D. 240, 248 N.W. 198, 200 (also cited in the Harjo Case, supra), in speaking of a South Dakota statute almost identical in wording to Section 737, supra, the Court said:
"* * * upon an appeal from the county court to the circuit court, the circuit court, under the provisions of section 3565, when the appellant has in good faith given notice of appeal, acquires jurisdiction to the extent necessary to grant any relief that may be required to perfect the appeal when it appears that the defects sought to be cured have occurred through mistake. In other words, the notice of appeal given in good faith confers jurisdiction upon the circuit court so that any omission through mistake may be supplied by amendment." (Emphasis added.)
*333 To us, it seems clear that, by the wording used in Section 737, supra, the Legislature has excluded from the power thereby vested in the District Court to authorize amendments, only the act of filing (or serving) notice within the time limit previously prescribed and that omissions "through mistake", such as the inadvertent use of improper, inept or insufficient language in the body of the notice are included within the realm of such power to be exercised within the district court's discretion, "on such terms as may be just." In this connection, see the discussion of Section 737, supra, in the case of In re Pierce's Guardianship, 180 Okl. 544, 545, 546, 71 P.2d 464, 467. We have discovered no jurisdiction having statutes similar to both Sections 725 and 737, supra, in which such a provision for specifying the particular grounds of an appeal lodged to determine a question of law, has been deemed jurisdictional. There is at least one jurisdiction whose appellate procedure is somewhat different from ours, but having statutes similar to said sections, wherein the Supreme Court has specifically held that the purpose of such a provision as the questioned one in Section 725, supra, rather than being to give the appellate court jurisdiction of such an appeal, is merely to limit, at the appellant's election, the issues to be determined therein. See In re Campbell's Estate, 56 N.D. 60, 215 N.W. 913; Mongeon v. Burkebile, N.D., 55 N.W.2d 445. As to the particular information or wording which appears on such a notice of appeal, we have held it unnecessary to specify thereon the name of the court to which the appeal is addressed. See In re Cary's Estate, 177 Okl. 259, 58 P.2d 533. In the case of In re Wagoner's Estate, 189 Okl. 654, 118 P.2d 1033, 1034, an appeal was taken to the district court for the reasons specified in the Notice of Appeal as follows:
"3. That said judgment and decision is not sustained by sufficient evidence and is contrary to law.
"4. Error of law occurring at the trial and excepted to by the petitioner."
There we noted that in an ordinary appeal assignments of error such as specified opposite "3" above, present only a question of law, and said:
"And we do not say that the notice to that effect in the instant case presented other than a question of law. But, regardless of the meaning of the notice in this respect, it was sufficient to give the court jurisdiction of the appeal.

* * * * * *
"Where the notice, along with the other statutory requirements, is sufficient as in this case to confer jurisdiction of the appeal on the district court, such court should be allowed to determine every issue that is ordinarily within its power to determine under the statutes, subject only to the right of the appellee to require the appellant to confine his efforts on review to the grounds of appeal set out in the notice.

* * * * * *
"* * * the issues in such case are identified not by the notice of appeal but by the pleadings and record in county court. Ordinarily, the district court can pass on every issue presented and tried in county court, but it is limited to those issues. Taliaferro v. Reirdon, 186 Okl. 605, 99 P.2d 494. Its power, once it acquires jurisdiction, has never been otherwise limited." (Emphasis added.)
Thus in the above case, we said, in effect, that even if the 3rd reason or ground given in the notice be construed as presenting only a question of law, as did the 4th, that this was not a jurisdictional defect, and the District Court still acquired jurisdiction of the appeal. In view of that pronouncement, we do not see how the Notice of Appeal involved here, which likewise specified the appeal was being taken on questions of law, can reasonably and consistently be held fatal to the jurisdiction of the appellate court. We think that in accord with our previous decisions and our policy of adopting the liberal interpretation of courts in other states having statutes similar, in material part, with *334 our Sections 725 and 737, supra, we must hold that the notice in the present case was sufficient "to challenge the judicial attention", Flynn v. Vanderslice, 172 Okl. 320, 323, 344 P.2d 967, 969, of the District Court to consider on its merits appellants' request for permission to amend. On the basis of the joinder of issues in the County Court, as clearly set forth in the parties' memorandum briefs filed therein, and determined in said Court's judgment, there could have been only one issue involved, and that the legal one, of the proper application, if any, to the case's undisputed facts, of the "nearest" ancestor statute, Title 84 O.S. 1951, § 213, supra. No one could have been misled by the Notice's omission to more fully described said issue other than as: "questions of law." In this connection, notice the liberal view taken by the U.S. Circuit Court of Appeals in regard to a similar matter, Martin v. Clarke, 7 Cir., 105 F.2d 685, 124 A.L.R. 497. To have held that a Notice of Appeal couched in language that would ordinarily specify only questions or issues of law is sufficient to invoke the District Court's appellate jurisdiction for a trial de novo (as we did in the Wagoner's Estate case supra) and to now hold that a notice containing almost identical language, or its equivalent in legal parlance, is insufficient for a much less comprehensive appeal, brings about an absurd result which we dare say the Legislature never anticipated, and is to place upon our statutes a construction that body never intended. As said in Taylor v. Langley, supra [188 Okl. 646, 112 P.2d 412]:
"4. Where the literal meaning of a statute would result in great inconvenience, or lead to absurd consequences which the Legislature could not have contemplated, the courts are bound to presume that such consequences were not intended, and to adopt a construction which will promote the ends of justice and avoid the absurdity."
In accord with the above, we think it must be presumed that the Legislature did not intend that the jurisdiction of the District Court should depend upon the use of more particular wording in the Notice of an appeal on one or more issues of law, than in the notice of a much more comprehensive appeal for a trial de novo, wherein both issues of law and fact are considered. We think the principal purpose of the provision in paragraph 1 of Section 725, supra, for specifying "particular grounds", if the appeal is upon a question of law alone, was to enable the limitation or restriction of the matters over which said court's jurisdiction should be exercised. This view comports with the true legislative intent as further expressed by the plain wording of Section 737, supra, that is given effect in the previous decisions of this Court and others from jurisdictions having such statutes. And it is consistent with this State's liberal policy with reference to the amendment of pleadings. See Title 12, O.S.A. §§ 293 and 317 and the annotations thereto. It cannot be doubted that the opposite view would not serve the ends of justice but would lead to ridiculous consequences preventing the District Court from considering the merits of appeals wherein the notice contained obviously inadvertent and sometimes trifling errors. In this connection, notice Rothenberg v. Metzger, 227 App.Div. 444, 238 N.Y.S. 139, and other cases cited in the annotations under Article 9, § 107, paragraph 2.02 in Gilbert-Bliss, Civil Practice of New York Annotated, Book 2, Recompiled. This is made more readily discernible and it is made doubly clear that the Legislature, by including in Section 725, supra, the provision that the notice state the "particular grounds" of the appeal, did not intend to make that provision jurisdictional, when it is noticed that it very wisely (from the standpoint of practical considerations) attempted to prescribe therein no standard of particularity.
From the wording of the judgment appealed from herein, it is obvious that the District Judge was under the impression that he did not have jurisdiction to permit appellants to amend their notice of appeal. As under our view, said Court did have such jurisdiction under Section 737, supra, to allow such amendment within his discretion (on such terms as may be just) *335 if appellants filed the notice "in good faith" and their omission was "through mistake", said judgment was plainly erroneous. He should again consider appellant's request, and should have the opportunity to exercise such discretion in the matter. As said in the case of In re Slingerland's Estate, 196 Minn. 354, 265 N.W. 21, 23: "We are not in a position to judge what the lower court would have done had it known it could have exercised its discretionary powers." We simply hold that the trial court should have considered the matter and determined, in its discretion, if the amendment sought, should be allowed.
The judgment appealed from is therefore reversed with directions to the District Court to proceed further in a manner not inconsistent herewith, exercising the discretion which we have held Section 737, supra, gives said Court.
HALLEY, C.J., JOHNSON, V.C.J., and WELCH, CORN, and DAVISON, JJ., concur.
WILLIAMS, J., concurs in result.
ARNOLD and O'NEAL, JJ., dissent.
ARNOLD, Justice (dissenting).
The majority opinion holds that there was a substantial compliance with the terms of the statute sufficient to give the district court jurisdiction and gives a liberal construction thereto. This is in direct conflict with our previous decisions as will hereinafter more fully appear.
In the instant case notice of appeal to the District Court from the decree of distribution entered by the County Judge was timely served. The notice of appeal stated the appeal was being taken "on questions of law only". Defendants in error filed their motion in District Court to dismiss the appeal on the grounds that the notice of appeal did not set forth or specify the particular grounds on which the appellants intended to rely, did not set forth any legal question for the District Court to determine, and, there being no appeal upon a question of fact, the District Court had no jurisdiction. To this motion to dismiss plaintiffs in error filed their response setting forth the question of law upon which their appeal was based and asked that such response be considered an amendment to the notice of appeal for all purposes. The District Court sustained the motion to dismiss appeal on the ground that it had not acquired jurisdiction to try the cause on appeal because the appellants had not perfected their appeal as provided by 58 O.S. 1951 § 725. This section requires that an appeal from an order of the County Court to the District Court upon a question of law must specify the question of law upon which the appeal was based.
In Adair v. Montgomery, 74 Okl. 21, 176 P. 911, a minor, by her next friend, filed exceptions to the final report of her guardian; the county court entered its order overruling the exceptions, approving the final report, and discharging the guardian; proper notice of appeal was given but the appeal bond was not filed until the eleventh day after the order complained of had been entered in county court. No reason for the delay in filing bond was given. We held that before the district court can hear and determine a cause appealed from county court its appellate jurisdiction must be invoked by a strict compliance with the requirements of the statute regulating appeals.
In Sutter v. Sockey, 97 Okl. 107, 223 P. 161, appellant attempted to appeal from an order of the county court determining heirs in a probate matter; no written notice was given stating whether the appeal was taken from a question of law or fact or both. It was held that the statute regulating appeals from county to district court must be strictly construed; that for the district court to acquire jurisdiction the appeal must be taken within the time and in the manner prescribed by statute and that the attempted appeal was a nullity.
In Hines v. Armstrong, 182 Okl. 344, 77 P.2d 671, objections were filed to the final account of a guardian on the ground that certain investments made by the guardian had not been authorized or approved by the county court; the guardian filed motion for order nunc pro tunc approving the investments *336 which was overruled; no appeal was taken within ten days from the order denying motion for order nunc pro tunc; thereafter the county court upon hearing on the final account entered an order surcharging the unauthorized investments to the guardian; the guardian gave notice of appeal including therein the matter of denial of the motion for order nunc pro tunc as well as the order surcharging the investments. It was held that the denial of the motion for order nunc pro tunc was a final order affecting a substantial right and was final unless appealed from within ten days from the entry thereof as provided by statute; that the provisions of the statute are mandatory, strict compliance therewith must be had, and the district court acquired no jurisdiction of the nunc pro tunc matter.
We have never applied the liberal construction rule in appeals from the county court to the district court.
In the case of In re Benson, 178 Okl. 299, 62 P.2d 962, cited by the majority opinion as authority for the liberal construction rule, an appeal under firemen's pension statutes was involved. The question was whether a right of appeal existed at all from the action of the Board of Trustees of the Firemen's Relief and Pension Board to the district court. We held that the statute should be liberally interpreted so as to grant a right of appeal. The statute concerning appeals from county court to district court, involved in the instant case, clearly and specifically gives the right to appeal and sets for the requirements therefor. The Benson case is therefore not helpful here.
In the case of Transwestern Oil Co. v. Partain, 188 Okl. 97, 106 P.2d 263, cited by the majority opinion, which was an original action to review an award under the Workmen's Compensation Act, the question involved was whether an order of Commissioner made without hearing before or approval of the entire Commission (as was required by the law existing at the time of the entry of the order), entered a few days before the effective date of the amendment to the Workmen's Compensation Act granting right of appeal to the Commission en banc from the order of a trial Commissioner could be set aside after the effective date of such amendment and appeal to the Commission en banc granted. The question of the right to appeal to the Commission en banc at all was involved. We held that inasmuch as the first order was made during the transition period just prior to the effective date of the new act, that as all parties had treated the first order as tentative only, that as the first order did not comply with the law then existing in that it was signed by only one Commissioner, the order could be set aside and appeal to the Commission en banc allowed; that a reasonable interpretation of the statute involved would not preclude the complainant from his right of appeal to the Commission en banc. This case is likewise not helpful here.
In the case of Taylor v. Langley, 188 Okl. 646, 112 P.2d 411, likewise an original action to review an award under the Workmen's Compensation Act, proper notice of intention to file such petition for review was filed within proper time both before the Commission and this court, but the appeal bond required by statute to be approved by the Secretary of the Industrial Commission was originally filed in this Court without first obtaining such approval of the Secretary; we allowed the bond to be withdrawn, the proper approval of the Secretary secured, and the bond refiled here. It was contended that the filing of the bond first in this court without obtaining the necessary approval divested this court of jurisdiction. We held that the filing of the bond was not jurisdictional but to secure the claimant in his award; that to give the statute a literal interpretation would result in an absurd consequence; that the filing of the petition for review with copy of the award complained of within proper time and after proper notice gave this court jurisdiction and having obtained jurisdiction this court could allow subsequent withdrawal of the bond to obtain the required approval. This case also makes the statement that statutes giving the right of appeal are to be liberally construed but the above statement shows that the case is not in point here; everyone admits that an appellate court having once obtained jurisdiction *337 can permit such amendments as it may deem just, and that is true in appeals from county courts to district courts. The point here is whether the district court ever obtained jurisdiction so as to permit amendments. The case therefore gives us no assistance.
In Harjo v. Aubrey, 184 Okl. 344, 87 P.P.2d 140, cited by the majority opinion, a proper notice of appeal from an order of the county court determining heirs was given but through mistake of law by the county judge appeal bond was not filed within ten days. We held that the jurisdictional requisite to an appeal is the service and filing of proper notice, that giving bond is not jurisdictional, and as the district court acquired jurisdiction by the proper notice being given it may authorize the filing of bond on such terms as may be just.
All the cases hold that having once acquired jurisdiction for any purpose the district court may permit amendments to be made such as it deems proper. For instance, if a notice of appeal stated the appeal was to be taken on "questions of law and fact", inasmuch as the statute does not require the questions of fact to be enumerated, the district court would acquire jurisdiction for all purposes and could thereafter permit amendments to be made specifically designating the question of law to be decided. In the instant case, as stated above, the question is whether the notice was sufficient to give the district court jurisdiction for any purpose; that notice specified only "question of law" without enumerating, as required by statute, what the question was.
In the case of In re Pierce's Guardianship, 180 Okl. 544, 71 P.2d 464, proper notice of appeal was given but no appeal bond was filed. Without objection the parties proceeded to trial de novo in district court and thereafter for the first time on appeal to this court raised the question of no appeal bond having been filed. We held that where proper notice of appeal has been given and the attention of the district court is not called to the lack of appeal bond the right to object to lack of such bond is waived.
In In re Cary's Estate, 177 Okl. 259, 58 P.2d 533, cited by the majority opinion attack was made upon the notice of appeal because it did not state the court to which the appeal was taken, but the appeal bond did. We held that the statutes do not require that either the notice or the appeal bond specify to which court the appeal is taken and that the mention of the district court in the appeal bond was sufficient to give such court jurisdiction.
In the case of In re Wagoner's Estate, 189 Okl. 654, 118 P.2d 1033, cited by the majority opinion, the notice of appeal specified as grounds only the sufficiency of the evidence to sustain the order, which is, of course, a question of law; the district court on trial de novo without objection of the parties took evidence on and decided questions of fact as well as the question of law specified in the notice; appeal was taken to this court on the ground that under the notice the district court had jurisdiction to decide questions of law alone. We held that while the statute regulating appeal must be strictly complied with, the district court after once acquiring jurisdiction (as it admittedly did under the notice given) may determine every issue relevant to the controversy when the same is submitted by agreement or without objection on the part of the litigants.
The case of Flynn v. Vanderslice, 172 Okl. 320, 44 P.2d 967, cited by the majority opinion, was an action in ejectment wherein a collateral attack was attempted upon an order of the county court admitting will to probate after an appeal from such order had been dismissed for want of prosecution. The court held that such collateral attack could not be made. The case is not in point here.
We have never heretofore departed from the rule that to give the district court jurisdiction of an appeal from an order of the county court there must be strict compliance with the statute regarding the giving of notice of appeal. The statute states that questions of law must be specifically set forth. This the notice in the instant case did not do. There was no strict compliance with the statute. If, as pointed out above, the notice had stated an appeal was *338 being taken on questions of law and fact the district court would have acquired jurisdiction and could have permitted an amendment to specify the question of law. To hold, as the majority opinion does, that there was substantial compliance with the statute under a liberal construction thereof is to depart from our firmly established rule. To do so we must overrule all cases heretofore decided on the point.