Cecil Edward **LIVINGSTON** and Geraldine Livingston, Plaintiffs,

v.

Raymond W. **GRAHAM**, Judge of the District Court in and for Tulsa County, Oklahoma, Defendant.

No. 41162.

Supreme Court of Oklahoma.

Oct. 27, 1964.

Savage, O'Donnell & McNulty, Tulsa, for petitioners.

Finis Smith, Tulsa, for respondent.

BERRY, Justice.

This cause is presented upon petitioners' application for this Court to assume original jurisdiction. The relief sought is Writ of Mandamus directed to the District Court of Tulsa County directing the respondent judge to hear and determine the issues de novo in an appeal from the Juvenile Court of Tulsa County.

Petitioners, natural parents of the two infants involved, were divorced in Tulsa County in September, 1963. In April, 1964, the mother placed the children in the homes of her two brothers and went to Colorado. In June, 1964, the parents remarried in that State and immediately returned to Oklahoma to secure custody of their children. The maternal uncles refused to surrender cus-

tody and filed petition in the Juvenile Court seeking an order of that Court adjudging the named infants to be neglected and dependent children.

Petitioners unsuccessfully attempted to regain custody by applying to the district court for Writ of Habeas Corpus. Thereafter, they entered voluntary appearance and on July 24, 1964, all interested parties and counsel appeared at a juvenile court hearing. Following this hearing, that court entered an order placing the infants' custody in the maternal uncles "until the further order of this Court." Petitioners then filed the following Notice of Intention to Appeal:

"Comes now Geraldine Livingston and Cecil Livingston, on the 27th day of July, 1964, and *gave* notice of *there* intention to appeal to the District Court, Tulsa County, Tulsa, Oklahoma, from the order *enter* herein on the 24th day of July, 1964."

Counsel for the maternal uncles moved to dismiss the attempted appeal upon the grounds same had not been perfected and lodged in the district court in compliance with mandatory, jurisdictional requirements of the statutes governing such appeals. Motion to dismiss the appeal was overruled. On the day set for hearing, the district court heard testimony from two witnesses and then announced the order appealed from was a temporary order fixing temporary custody and the court was without jurisdiction to entertain the appeal.

In response to the application herein, respondents assert that jurisdiction in child custody cases is vested in the juvenile court under the provisions of the statutes (20 O.S.1961, §§ 771–851). Further, under 20 O.S.1961, § 773(3) and (4) the juvenile court is vested with original jurisdiction in such custody matters, and that appeals from that court are governed directly by 20 O.S.1961, § 846 wherein appeals are directed to be taken "in the same manner as appeals are now taken from the county court to the district court in probate cases."

It is asserted that petitioners failed to: (1) show by affidavit the facts entitling them to an appeal; (2) state in the notice of appeal whether same was upon questions of law, fact or both, and if upon a question of law the particular ground of appeal relied upon; (3) execute a proper appeal bond executed by two sufficient sureties; (4) file an appeal bond conditioned upon presenting the appeal without delay. By reason of the enumerated matters respondents insist the trial court lacked jurisdiction of the attempted appeal because petitioners sought to rely upon the right of amendment recognized only in probate proceedings and not granted by the Legislature in providing for appeals from the juvenile court. Thus, they conclude that the district court lacked jurisdiction or authority to permit petitioners to amend and perfect their appeal from the juvenile court.

The respondents' argument cannot be sustained. The statutes, 58 O.S.1961, §§ 725 and 737, provide how an appeal shall be taken, and grant authority to permit amendments in cases where the appellant, in good faith, gives notice of appeal but inadvertently fails to do other acts necessary to perfect such appeal. These statutes have been considered many times. In In Re Concer's Estate, Okl., 271 P.2d 329, it was pointed out that these statutes contemplated the doing of two things to perfect an appeal from the county court, to-wit: (1) giving notice of appeal; (2) filing of an appeal bond. In the body of the opinion at p. 333, we said:

"* * * To us, it seems clear that, by the wording used in Section 737, supra, the Legislature has excluded from the power thereby vested in the District Court to authorize amendments, only the *act* of filing (or serving) notice within the time limit previously prescribed and that omissions 'through mistake', such as the inadvertent use of improper, inept or insufficient language in the body of the notice are included within the realm of such power to be exercised within the district

court's discretion, 'on such terms as may be just.' * * * "

It is clear that it is the good faith giving of notice of appeal which vests the district court with jurisdiction to hear and determine the cause on trial de novo. When this has been accomplished the court is empowered to permit amendment in respect to all other matters.

The statutes establishing juvenile courts, 20 O.S.1961, §§ 771–851, must be considered and applied in conjunction with the general statutes applicable to dependent and neglected children as set forth in 10 O.S. 1961, §§ 101–130.9. Sec. 108(2) of this portion of our code provides that when any parent is before the court on hearing of a petition for dependency or delinquency, the parent may appeal to the district court in the same manner as appeals are taken from the county court in probate matters, and the case is to be tried de novo. The Section also provides that appellant shall not be required to execute or file an appeal bond as a condition to perfecting such appeal. The plain language of the statute destroys respondents' argument that the district court lacked jurisdiction in the absence of filing the appeal bond required in appeal of probate cases under 58 O.S.1961, § 726.

In Ray v. Woodward et al., Okl., 377 P.2d 216, 217, we considered closely related questions likewise presented by reason of the district court's failure to assume jurisdiction of an appeal from the county court's decree adjudicating the dependency and neglect of certain minors. In that case we noted that the statutes granting a right of appeal are to be construed liberally to effect the ends of justice, and in the opinion at 219–220 said:

"* * * It is manifest that the primary purpose of the 1957 amendment to Sec. 108 was to grant a remedy of appeal by trial de novo in the district court to all parents aggrieved by a decree of the county court rendered upon an adjudication of delinquency, dependency or neglect of the child, regardless of whether the decree of the county court terminated their rights to the child or specified a course of conduct. And since the rights of the parents necessarily depend upon the status or legal condition of the child, the litigable issues upon the trial de novo in the district court must perforce remain the same as those presented to the county court."

The syllabus in the Ray case, supra, states:

"Under the provisions of 10 O.S.1961, § 108, an appeal by trial de novo lies to the district court from a decree of the county court extinguishing and terminating the rights of a parent to his child upon an adjudication of such child's dependency or neglect."

The statutes which give the right of appeal directly to the district court to interested parents aggrieved by the order relative to neglect and dependency charge the district court with the duty and obligation to perform a stated judicial function. This is the requirement that such an appeal must be heard on trial de novo.

Our statute, 12 O.S.1961, § 1451, provides:

"The writ of mandamus may be issued by the Supreme Court * * *, to any inferior tribunal * * *, to compel the performance of any act which the law specially enjoins as a duty, resulting from an office, trust or station; * * *."

In Anderson v. Walker, Okl., 333 P.2d 570, 571, we held that the treatment accorded delinquent and dependent children had to be the same, whether administered by a statutory juvenile court or a county court acting in the capacity of a juvenile court. Thus, to be consistent, we cannot require a bond be given on appeal from the Tulsa County Juvenile Court, but that no bond would be required to perfect an appeal from the County Court of Adair County.

The duty and obligation to hear petitioners' appeal from the order of the juvenile court, finding neglect and dependency and

fixing custody of these infants, by trial de novo is fixed by statute. The trial court erroneously declined to discharge the duty enjoined upon the court as a pure judicial obligation.

The writ of mandamus is granted and respondent is ordered to set aside the order of remand and proceed to hear and determine the appeal.

Writ granted.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.