## LOGAN *et al.* v. SCHOOLFIELD.

No. 6154.    Opinion Filed February 15, 1916.

(155 Pac., 592.)

**WILLS—Construction—Invalidity in Part.** When a will contains several distinct provisions, one or more of which is lawful, and one at least is unlawful in whole or in part, the devise should be declared void as to the latter and valid as to the rest.

(Syllabus by Robberts, C.)

*Error from District Court, McCurtain County;*
*Summers Hardy, Judge.*

Action by James S. Schoolfield against Samuel J. Logan and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*Armstrong & Etheredge, R. B. Drake,* and *R. W. Skipper,* for plaintiffs in error.

Opinion by ROBBERTS, C. This case is here by petition in error on transcript from the district court of McCurtain county. Briefs have not been filed by either party. It appears from the record that Nina Jefferson Logan was a full-blood Choctaw Indian; that she died, testate, on the 20th day of December, 1911, leaving as her survivors and only heirs at law, Samuel Logan, her husband; Wellington Jefferson, a brother, and Frances Jefferson Hall, a sister, also full-blood Choctaw Indians, and adult citizens and members of that tribe of Indians, residing in McCurtain county, Okla.

On the 13th day of February, 1912, James Schoolfield filed a petition in the county court of McCurtain county, praying that upon hearing the will of said Nina Jefferson Logan, which was attached thereto, be admitted to probate.

The will was dated November 1, 1911, signed by mark by Nina Jefferson Logan, and apparently properly witnessed by three disinterested persons, wherein she bequeathed certain real estate consisting of her Indian allotment located in that county, of the value of about $2,500, and all her personal effects to her husband and to the petitioner, James Schoolfield, in the proportion in value of one-third to her husband and two-thirds to Schoolfield, not mentioning her brother and sister. Objections and protests were filed to the will on the grounds: (1) That the testator was mentally incompetent; (2) undue influence, menace, and duress; (3) the testator being a full-blood

Choctaw Indian, enrolled as such, and the lands involved being the allotment of the testator, and the restrictions upon the alienation thereof not having been removed, the will is void; and (4) the will was never approved by a judge of the county court, a United States commissioner, or any other officer having power or authority to approve wills of such persons.

Upon hearing, the county court sustained the contest and refused to admit the will to probate on the ground that the real estate being an Indian allotment, and the restrictions against alienation not having been removed, the will was void *in toto*. From this judgment exceptions were saved and appeal taken to the district court. Upon hearing there, the court modified the judgment of the county court, passed the will to probate so far as it relates to the personal property, but held it invalid as to the real estate for the reason that it was not approved by the judge of the county court, or other official having authority to do so.

We think the holding of the district court in this particular comes within the meaning of section 925, Rev. Laws 1910, which provides that:

"Where a contract has several distinct objects, of which one at least is lawful and one at least unlawful in whole or in part, the contract is void as to the latter, and valid as to the rest."

We do not want to be understood as holding that if the will had been approved by the county court, and had been executed in all other respects as required for the making and execution of wills and admitted and passed to probate, it would have had the effect of passing title to the land. That proposition is not presented here. It is sufficient to say that from what we are able to gather from

the record without the aid of briefs, we think the judgment of the trial court is proper, and should be affirmed.

By the Court:   It is so ordered.