Jimmie W. DEAN, Executor of the Estate of
Ruth M. Dean, Deceased, Plaintiff
in Error,

v.

John D. MOORE et al., Defendants in Error.

No. 39745.

Supreme Court of Oklahoma.

July 10, 1962.

Rehearing Denied April 23, 1963.

Bassmann, Gordon & Mayberry, by Jack
E. Gordon, Claremore, for plaintiff in error.

R. H. Wills, Sr., R. H. Wills, Jr., Tulsa,
for John D. Moore.

E. J. Broaddus, Wagoner, for Elizabeth
Tinnin Moore, and John Nicholas Daw-
son Moore.

Earl Youree, Wagoner, for Mary Weldon
Zehr, defendants in error.

HALLEY, Justice.

The last will and testament of Ruth M.
Dean was admitted to probate as a foreign
will by the County Court of Rogers County.
Testatrix left surviving her neither hus-
band, parent or lineal descendant. The only
estate of the testatrix involved in this case
is that devised by the residuary clause of

her will and consists of approximately 298 acres of land in Rogers County. Other facts necessary for the determination of the issue involved on this appeal will be given in the discussion of our reasons for the decision we reach.

Jimmy W. Dean, who is executor of the estate of Ruth M. Dean, deceased, was one of two residuary devisees named in testatrix' will. The other residuary devisee (testatrix' sister, Sophia M. Heasley) predeceased testatrix. In the County Court an order was entered that the residuary clause of the will devised the real property jointly to the two residuary devisees with right of survivorship and that testatrix by her will expressed her intention that the surviving residuary devisee should take the entire residuary estate. The heirs at law of testatrix appealed to the District Court of Rogers County. The district court reversed that part of the county court's order which decreed that all of the real estate was devised to Jimmie W. Dean, and the district court entered its order and judgment that an undivided one-half of the estate was devised to Jimmie W. Dean and an undivided one-half of the estate passed to testatrix' heirs at law as intestate property. Jimmie W. Dean filed a motion for new trial which was overruled and he now appeals from the judgment and order overruling motion for new trial.

■ The residuary estate under consideration consists only of real property located within Oklahoma. Therefore, the fact that testatrix was domiciled in Arkansas has no bearing on our decision. This is true because of the provisions of 84 O.S. 1961 § 20:

"Except as otherwise provided, the validity and interpretation of wills is governed, when relating to real property within this State, by the law of this State; when relating to personal property, by the law of testator's domicile."

We held in In re Adams' Estate, 203 Okl. 377, 222 P.2d 366; and in Bacus v. Burns, 48 Okl. 285, 149 P. 1115; that, as to the interpretation of a devise by will of real estate lying within Oklahoma, the law of Oklahoma must govern.

Thus, the sole issue may be stated this way:

When the residuary estate under a will is devised to two named persons, share and share alike, and one of the two persons predeceases the testatrix leaving no lineal descendants, does the survivor take the entire residuary estate or does the one-half interest devised to such deceased person pass to the heirs of the testatrix as in the case of intestacy?

Our decision here is based on certain applicable statutes as well as decisions from other states.

The statute of this State which is determinative is 84 O.S.1961 § 177, which provides:

"If a devisee or legatee dies during the lifetime of the testator, the testamentary disposition to him fails, unless an intention appears to substitute some other in his place, except as provided in Section 8922."

The referred to Section 8922 is found at 84 O.S.1961 § 142, and is inapplicable to the instant case (although the deceased residuary devisee was testatrix' sister) for the reason that the deceased residuary devisee left no lineal descendants. In order that this may be clearly seen, we here quote 84 O.S.1961 § 142:

"When any estate is devised or bequeathed to any child or other relation of the testator, and the devisee or legatee dies before the testator, leaving lineal descendants, such descendants take the estate so given by the will, in the same manner as the devisee or legatee would have done had he survived the testator."

■ This statute (Section 142) was applied by this Court in the case of Hardy v. Carnes, Okl., 294 P.2d 551, in which all property was left to two sons. One son predeceased testatrix and we held that the children of the deceased son take under

the statute (84 O.S.1961 § 142) in the same manner as the devisee, their father, would have taken had he survived the testatrix. It was also pointed out in that case that 84 O.S.1961 § 184, provides that a devise to more than one person vests in them as owners in common, not joint tenants with right of survivorship. Although joint tenancy may be created by a will, it must be expressly declared in the will. 60 O.S.1961 § 74. No joint tenancy is expressly declared by the terms of the will in the instant case; therefore, no joint tenancy was created.

It follows that, in this case, our statute (84 O.S.1961 § 177) distinctly provides that the testamentary disposition to Sophia M. Heasely (who left no lineal descendants) failed, unless an intention appears to substitute some other in her place. We must examine the will to see whether an intention appears to substitute some other in her place.

The will (omitting the heading, signature and witnessing portions thereof) is as follows:

"KNOW ALL MEN BY THESE PRESENTS:

"That I, Ruth M. Dean, of Conway, Arkansas, being of lawful age, sound mind and disposing memory, but realizing the uncertainty of life, do hereby make and publish this my Last Will and Testament, hereby revoking any and all Wills and Testaments by me heretofore made, this my Last Will and Testament being as follows:

"ITEM 1. I will and desire that all my just debts and funeral expenses be paid.

"ITEM 2. I will and bequeath to my beloved sister, Mrs. Alta B. Weldon, my Diamond bar pin.

"ITEM 3. I will and bequeath to my beloved sister, Mrs. Sophia M. Heasley, my large three carat diamond and platinum ring.

"ITEM 4. I will and devise unto my beloved nephew, Edwin R. Moore, my farm consisting of one hundred and twenty (120) acres, more or less, and situated on North Cadron Creek in Faulkner County, Arkansas.

"ITEM 5. I will, devise and bequeath unto my beloved sister, Mrs. Sophia M. Heasley, the undivided one-half interest owned by me in the real estate occupied by us as our home and situated at No. 2030 Caldwell Street, City of Conway, Faulker, County, Arkansas, I will and bequeath unto my said sister, Mrs. Sophia M. Heasley, all the remainder of my personal effects and personal property situated within our said home.

"ITEM 6. Subject to the bequests and devises mentioned in the foregoing items, I hereby will, bequeath and devise to my said sister, Mrs. Sophia M. Heasley, and to my beloved foster son, Jimmie W. Dean, share and share alike, all the residue of my estate, including all real estate, personal property and property of every kind and nature, wherever situated and owned by me at the time of my death.

"ITEM 7. I hereby name and appoint my said sister, Mrs. Sophia M. Heasley, as executrix of this my last will and testament, and direct that she be permitted to serve without giving any bond. Should my said sister, Mrs. Sophia M. Heasley, die before my estate is finally administered, I will and desire that my foster son, Jimmie W. Dean, be appointed as executor in succession of my estate, and that he be permitted to serve without giving any bond."

What the testatrix might or might not have provided in her will, had she contemplated that her sister Sophia might predecease her, is mere speculation or conjecture. If she had, in fact, contemplated that contingency, she might or might not have provided that the part of her residuary estate which otherwise would have gone to Sophia should go (a) to her "beloved sister, Mrs. Alta B. Weldon," or (b) to her "beloved nephew, Edwin R. Moore," or (c) to her "beloved foster son, Jimmie W. Dean,"

or (d) to her heirs at law as intestate property, or (e) in some other manner.

■ Since testatrix' intention to substitute some other in Sophia's place does not appear, our statute (84 O.S.1961 § 177) provides that the residuary devise to Sophia failed and that property passes as by intestacy. California has a statute with identical provisions and has reached the same result. In re Hittell's Estate, 141 Cal. 432, 75 P. 53; In re Murphy's Estate, 157 Cal. 63, 106 P. 230; In re Anderson's Estate, 166 Cal.App.2d 39, 332 P.2d 785.

Our court has previously passed on the situation where the devise of all the property to one devisee failed because the devisee predeceased the testatrix. Because of this statutory provision (Section 177) we said in Royston v. Besett, 183 Okl. 643, 83 P.2d 874:

"In this contingency the real estate goes to the heirs of the testatrix Gertrude Royston, as in case of intestacy, upon the ground that that interest had not been disposed of by the will."

The same conclusion was reached by this Court as a result of the decision in Simler v. Wilson, 10 Cir., 210 F.2d 99, cert. den. 347 U.S. 954, 74 S.Ct. 681, 98 L.Ed. 1099. In that case the residuary clause of a will devised real property located in Caddo County to three religious corporations. The Court of Appeals, 10 Cir., ruled (in Simler v. Wilson, supra) that the devise of the realty was void by reason of the constitutional prohibition, Constitution, Art. 22, Sec. 2, against a religious corporation receiving and owning realty in certain instances. After setting forth the above situation we said in In re Fletcher's Estate, Okl., 308 P.2d 304:

"* * * The effect of such judgment (by the Court of Appeals, 10 Cir.) was that the farm land in Caddo county was taken out of testatrix' residuary estate and title thereto vested in this plaintiff (testatrix sole heir)."

■ The rule in Oklahoma is therefore clear that when the devise of all property to a single devisee or a residuary devise to several devisees fails the residuary estate goes to the testator's heirs as by intestacy. Should a different rule be applied to that part of a devise of residuary estate to one of two residuary devisees which fails? We think not.

Appellants in their brief suggest that Item 7 of the will nominating Jimmie W. Dean as executor in succession of her estate without bond, in the event Sophia should die before the testatrix' estate was finally administered, "is a clear cut indication that Jimmie W. Dean was the natural choice of testatrix's bounty and should receive all of the residuary estate." No citation of authority is given for such statement and we do not agree that such a provision of the will relating to appointment of executors can supply the basis for saying that testatrix' intention was to substitute Jimmie W. Dean in Sophia's place as devisee as required by 84 O.S.1961 § 177. Such provision in the will is simply the result, we believe, of testatrix' desire to provide for an executor should Sophia die after testatrix and before the estate was closed. The testatrix' domicile was in Arkansas and at the time the will was executed Arkansas had a statute (Ark.Stat.1947, § 62–1206) which provided:

"Succeeding personal representative known as executor or administrator in succession.—When the executor or administrator of an estate shall die, resign, or be removed or from any cause shall cease to be executor or administrator, before the estate has been fully administered and settled, and another executor and administrator has to be appointed to complete the administration and settle the estate, such succeeding executor or administrator shall be styled and known as executor or administrator in succession of such estate."

Such statute accounts for the wording used in referring to Jimmie W. Dean as executor in succession.

Appellants also cite the case of In re He-Ah-To-Me's Estate, Okl., 325 P.2d 746, wherein this Court said that, under the well-recognized presumption against intestacy, the residuary clause must be construed so as to prevent intestacy unless there is an apparent intention that the property should be excluded from the will. Such statement is no authority for appellants' position in the instant case, because in the cited case we were discussing a lapsed specific bequest which was there held to come within the residuary provisions of the will. That case is not in point, since in the instant case we are not dealing with a lapsed specific devise, but with a lapsed residuary devise which is treated differently as we have pointed out from the authorities cited.

The judgment of the district court is affirmed.