In the Matter of the ESTATE of
Jennie LEVY, Deceased.

No. 40795.

Supreme Court of Oklahoma.

May 17, 1966.

the surviving residuary legatees petitioned for distribution thereof to themselves as a part of the residuary estate.

The county court's decree determined that the attempted testamentary disposition to Harry Levy failed. It also held that such one-half of the residue of the estate remaining after administration of the estate and payment of cash bequests descended as intestate property to the heirs of Jennie Levy, deceased, and that the other one-half of the residue of the estate remaining after administration of the estate and payment of cash bequests passed, under the terms of the will, to the surviving residuary devisees. No other question of fact or law was framed by the pleadings and record. The decree shows that the surviving residuary legatees excepted to such court's determination.

The surviving residuary legatees, on June 14, 1962, timely filed notice of appeal and posted an appeal bond. The notice of appeal stated:

"As grounds for said appeal, appellants state that the [County] Court erred in construing Paragraph XI of said will, and specifically in ordering that the residuary devise and bequest to Harry Levy lapsed upon his death prior to that of Jennie Levy, the testatrix, and that said residuary devise and bequest became distributable to the heirs at law of Jennie Levy, * * *."

It did not allude to the determination that the cash items were to be deducted before distribution of the residue.

Subsequently, after expiration of the time provided by 58 O.S.1961, §§ 724, 725 for giving notice of appeal to the district court and after this Court had ruled on the same question (see Dean v. Moore, Okl., 380 P.2d 934) on application made and order granted over objection of the heirs at law, the surviving residuary legatees amended their notice of appeal by adding thereto the following: "Should the court, however, construe said will contrary to the construction herein urged, then debts and legacies should be ordered paid out of property not

William D. Curlee, Lytle, Soulé & Emery, Oklahoma City, for plaintiffs in error and cross-defendants in error.

Hal D. Leaming, James L. Burton, of Smith, Leaming & Swan, Oklahoma City, for defendants in error and cross-plaintiffs in error.

WILLIAMS, Justice.

Paragraph XI of the will of Jennie Levy provided that after payment of debts and legacies the residue of her estate should be divided as follows:

"(a) To my brother, Harry Levy, one-half (½) of such residue.

"(b) To my nephew, Maurice Born, one-sixth (⅙) of such residue.

"(c) To Leon Hirsh, Jr., and the Fidelity National Bank and Trust Company of Oklahoma City, Oklahoma, as trustees for my niece, Selma Born Hirsh, one-third (⅓) of such residue."

Harry Levy, the devisee of testatrix' home and legatee of one-half of her residuary estate, predeceased Jennie Levy, leaving no lineal descendants. The heirs at law petitioned for distribution to themselves of the lapsed portion as intestate property, and

disposed of by the will (if any property is adjudged in this action to pass by intestacy), according to 84 Okl.St.Ann. §§ 3 and 4."

At conclusion of the hearing in district court on the appeal on October 4, 1963, judgment was rendered holding that the district court had jurisdiction, that the testatrix had died intestate as to the property described in the (residuary) devise and bequest to Harry Levy referred to in paragraph XI of the will, and that the intestate property exclusively should bear the expense of all debts, estate and other taxes, expenses of administration and payment of bequests, under the factual situation presented.

The heirs at law have appealed to this Court. They contend that by permitting a belated amendment of the notice of appeal the district court erroneously broadened the scope of its appellate jurisdiction in an appeal on a question of law only to include a question of law not framed by the pleadings and record in the county court, not therein controverted, nor mentioned in the original notice filed by the surviving residuary legatees; that the amendment to the notice of appeal specified a new question of law as a ground of appeal.

The surviving residuary legatees filed a cross-appeal. They first contend we should overrule Dean v. Moore, Okl., 380 P.2d 934, relied upon by the trial court in making its determination that the half of the residue bequeathed to Harry Levy went to the heirs as property not covered by the will. They next contend that making of a will evidences that the testatrix intended to avoid intestacy and that the stipulation that there is a residue evidences that she intended to limit the interest of her heirs at law. We are urged to construe testatrix' will in a manner that will permit giving effect to her intention as far as possible where full effect cannot be given it. In Re He-Ah-To-Me's Estate, Okl., 325 P.2d 746, relied upon by the surviving residuary legatees, is not persuasive on the point here involved, as it concerns a failing bequest rather than a residuary one, which distinction is shown in Dean v. Moore, supra.

■ To better facilitate an understanding of the matters involved in this appeal, we here first discuss the first point made by defendants in error who are also the cross-appellants. In Dean v. Moore, supra, this Court held:

"The rule in Oklahoma is therefore clear that when the devise of all property to a single devisee or a residuary devise to several devisees fails the residuary estate goes to the testator's heirs as by intestacy. Should a different rule be applied to that part of a devise or residuary estate to one of two residuary devisees which fails? We think not."

Therein we held:

"Under statute providing that, if a devisee dies during testator's lifetime, a devise to him fails unless an intention appears to substitute some other in his place (with certain exceptions not applicable here), the rule of construction that such an interpretation should be given to a will as will prevent intestacy as to any portion of the estate cannot be invoked to set aside the statute declaring such effect."

The residuary legatees' criticism of this Court's decision in Dean v. Moore, supra, is that the English rule it adopts, rather than the rule adopted by a minority of the other jurisdictions, lacks soundness in logic. Numerous decisions are quoted from jurisdictions holding with the minority. However, it is no less logical to assume that the testatrix intended the surviving residuary legatees to receive no greater proportion of her estate than that stated in her will. The logical conclusion is that she did not contemplate a lapse and made no provision for it. Dean v. Moore, supra, reached a conclusion in accord with the majority of common law jurisdictions. See annotations at 28 A.L.R. 1237, supplemented at 139 A.L.R. 868, 36 A.L.R.2d 1117, 1960 A.L.R.2d Supp. 2667, and 1962 A.L.R.2d Supp. 820. We adhere to our decision in Dean v. Moore, supra.

■ Our holding with respect to this phase of the cross-appeal is that the judgment of the trial court wherein it was determined that the portion of the residue bequeathed to Harry Levy passed to decedent's heirs by the laws governing intestacy should be and is affirmed.

With respect to the ground of appeal asserted by plaintiffs in error and countered by defendants in error and cross-appellants as outlined hereinabove, it appears to us as hereinafter shown, that the issue was determined in the county court and no proper appeal from such determination was taken to the district court. In the instant case the question of law, specified as ground of appeal in the original notice of appeal, was whether the lapsed residuary legacy passed to the heirs at law or the surviving residuary legatees.

■ The parties agree that the district court acquired jurisdiction of the appeal from the county court's decree of distribution and would have been authorized to permit amendments to the notice of appeal to supply deficiencies resulting from mistakes, inadvertence, omissions or inept wording, In Re Concer's Estate, Okl., 271 P.2d 329. However, they disagree as to whether the amendment to the notice herein involved presents a question not included within the original notice of appeal.

In the case of In Re Concer's Estate, supra, quoting from our opinion in In Re Wagoner's Estate, 189 Okl. 654, 118 P.2d 1033, 1034, we said:

> "Where the notice, along with the other statutory requirements, is sufficient as in this case to confer jurisdiction of the appeal on the district court, such court should be allowed to determine every issue that is ordinarily within its power to determine under the statutes, subject only to the right of the appellee to require the appellant to confine his efforts on review to the grounds of appeal set out in the notice."

■ The exception which the surviving residuary legatees saved to the county court's judgment went only to that court's determination that the lapsed residuary legacy passes to the heirs at law of the deceased rather than to the surviving residuary legatees. The amendment here involved does not appear to have supplied any omission, mistake or inadvertent defect in the original notice of appeal. Rather, the purported amendment to the notice of appeal, if permitted to stand, would actually add a new, alternative question of law.

Since the residuary legatees' purported amendment to the notice of appeal conferred no jurisdiction upon the trial court to consider the matters to which it appeared to relate, and there being no proper appeal to the district court with reference thereto, the order of the latter court with respect to that matter should be and is reversed with directions to proceed in a manner not inconsistent with this opinion.

Affirmed in part and reversed in part.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, IRWIN, BERRY and HODGES, JJ., concur.