In the Matter of the ESTATE OF Carl Leicester BAXTER, Deceased.

Mary Etta CLARK, Harold Shuck, Jimmy C. Baxter and Charlene Sue Holden, Appellants,

v.

Michael C. DAVIS, individually and as Administrator with Will Annexed of the Estate of Carl Leicester Baxter, Deceased, Appellee.

Nos. 72276, 72288.

Court of Appeals of Oklahoma, Division No. 1.

June 19, 1990.

Certiorari Denied Sept. 25, 1990.

Richard D. Beeby, Tulsa, for appellants Mary Etta Clark and Harold Shuck.

M.M. McDougal, and, Gregory Allen Gray, Tulsa, for appellants Jimmy C. Baxter and Charlene Sue Holden.

Robert H. Mitchell, and, Denise Stroud, Oklahoma City, for appellee.

## MEMORANDUM OPINION

HUNTER, Vice Chief Judge:

This is an appeal from an order determining the heirs under the Last Will and Testament of Carl Leicester Baxter, Deceased (Testator) and appointment of the personal representative of the estate.

Testator and Marybell Baxter (Marybell) were married on April 10, 1954. At the time of their marriage, Marybell was the mother of two children, Charlene Sue Holden (Charlene) and Jimmy Carl Baxter (Jimmy). The Testator formally adopted Charlene and Jimmy on June 10, 1955. Testator and Marybell were divorced on July 18, 1955. Pursuant to the divorce decree, Testator relinquished all rights to the children and Marybell was ordered to "re-adopt" the children. In accordance with the decree, Marybell "re-adopted" the

children on July 26, 1957, with each child's written consent.

Testator subsequently married Ann Louise Baxter (Ann), who was the mother of a son by a previous marriage, Michael Charles Davis (Michael), Appellee herein.

On August 18, 1960, Testator executed his Last Will and Testament. Under the terms of the will, Testator bequeathed his entire estate to Ann. Testator expressly declared his intention to exclude any and all of his children, whether natural or adopted, and stated that should any child attempt to inherit under the will, that child should receive $1.00. Testator further declared that in case of a common disaster to him and Ann, his entire estate should pass to Michael. The will nominated no executor and contained no residuary clause.

Ann died on July 8, 1982 and Testator died on May 31, 1988. Michael filed a petition to admit the will to probate, requested that he be appointed as personal representative of the estate and that the court determine the identities of Testator's heirs. Testator's heirs at law were determined to be Charlene, Jimmy, Michael, a half-sister, Mary Etta Clark (Mary) and a half-brother, Harold Shuck (Harold).

Jimmy and Charlene filed an objection to Michael's appointment as personal representative. Jimmy and Charlene alleged that the bequest to Ann lapsed, and that the bequest to Michael was a contingent bequest which failed. Jimmy and Charlene alleged that they are the Testator's sole heirs at law and requested that Jimmy be appointed personal representative.

Mary and Harold filed an objection to the appointment of Michael, Jimmy or Charlene as personal representative of the estate. Mary and Harold alleged that the bequest to Ann lapsed, that the contingent bequest to Michael failed and that Jimmy and Charlene were disinherited by the terms of the will. Mary and Harold alleged that they are the Testator's heirs and requested that Mary be appointed as personal representative of the estate.

The will was admitted to probate on July 11, 1988 and appointment of a personal representative was deferred for hearing.

Upon hearing, the trial court entered an order finding Michael was the sole heir under the terms of the will and appointed Michael personal representative of the estate. Mary and Harold appealed as did Jimmy and Charlene. Both appeals were consolidated for our consideration.

■ Actions concerning will construction are equitable in nature and on appeal, this Court will examine the entire record and weigh the evidence, and the trial court's findings and judgment will not be disturbed unless clearly against the weight of the evidence. *Matter of Estate of Doan*, 727 P.2d 574 (Okl.1986).

■ The cardinal rule for construction of wills is to ascertain the intent of the testator and to give effect thereto unless such intent happens to effect that which the law forbids. *Matter of Estate of Smith v. Williams*, 674 P.2d 17 (Okl.1983).

The trial court determined from the four corners of the will that it was the Testator's intent to leave his entire estate to Michael, even though the will was poorly drafted, since Michael was the only individual specifically named in the will. The court determined that the Testator intended to disinherit Jimmy and Charlene and that there was no intent shown in the will to devise the estate to Mary or Harold.

■ Since Ann predeceased Testator by nearly six years, the bequest to Ann of the entire estate lapsed pursuant to 84 O.S. 1981, § 177, which provides:

If a devisee or legatee dies during the lifetime of the testator, the testamentary disposition to him fails, unless an intention appears to substitute some other in his place, except as provided in Section 8922.

Section 8922 was subsequently renumbered as 84 O.S.1981, § 142, which provides:

When any estate is devised or bequeathed to any child or other relation of the testator, and the devisee or legatee dies before the testator, leaving lineal descendants, such descendants take the estate so given by the will, in the same manner as the devisee or legatee would have done had he survived the testator.

The rule in Oklahoma is clear that when a devise of all property to a single devisee

fails, the residuary estate goes to the testator's heirs by intestacy. *Dean v. Moore,* 380 P.2d 934 (Okl.1962). Absence of a residuary clause seems to manifest Testator's intent for the property to pass intestate since he named Ann as his sole beneficiary, for a testator is presumed to have known the law in effect at the time of the execution of his will. *Hein v. Hein,* 431 P.2d 316 (Okl.1967). Thus, unless the words "other relation" under Section 142 can be construed to include a decedent's spouse, the testamentary disposition to Ann's heirs lapses and Michael cannot take under the terms of the will.

In *In re Estate of Prather,* 527 P.2d 211 (Okl.App.1974), we addressed this very question in a similar case construing a will without a residuary clause and held that the term "other relation" as used in Section 142 does not include the spouse of the testator or testatrix, but includes only blood relatives of the decedent. In *Prather,* we noted that if the legislature had intended a spouse to be considered as an "other relation", it would have inserted that term in the statute as it did the term, "children".

Based on our holding in *Prather,* the testamentary disposition to Ann lapsed pursuant to Sections 142 and 177, and Michael is unable to take under the will through his mother.

■ Furthermore, Testator's bequest to Michael, conditioned upon Testator and Ann dying in a common disaster, failed upon Ann's death in 1982. 84 O.S.1981, § 179. Michael contends that regardless of the fact that the bequest failed, the will evinces the Testator's intent that he be the sole beneficiary because Michael was the only heir specifically mentioned in the will. He contends that since the Testator's intent is the primary concern in interpretation of a will, the trial court correctly determined that he was the sole beneficiary because the four corners of the will clearly showed the Testator's intent to devise his entire estate to Michael. He alleges that the evidence shows that much of his mother's estate passed to the Testator at the time of her death, and that he was the closest person to the Testator at the time of his death in 1988, the Testator having limited contact with Jimmy, Charlene, Mary and Harold.

While Michael's assertions may be true, the will itself does not show any intent on the Testator's part to bequeath his estate to Michael, except under the limited circumstance that the Testator and Ann died in a common disaster. There is nothing within the four corners of the document that evinces such intent. The instrument is silent concerning the possibility of Ann predeceasing the Testator. Since Ann died six years prior to the Testator, the Testator had the time to contemplate a substantial gift had he intended to bequeath his estate to Michael.

■ What the Testator's intent may or may not have been after Ann's death is unascertainable and the only certain fact is that the Testator allowed the will to stand as originally executed in 1960. Here, we are limited in our powers to an interpretation of the will as we find it. The rule of construction that the Testator's intent must be carried out, if possible, does not authorize the court to make a new will to conform to what it may think the testator intended, but intent must be determined from the will as it stands. *In re: Sowash's Estate,* 62 Cal.App. 512, 217 P. 123 (1923).

■ The trial court correctly determined that the Testator evinced an intent to disinherit his children, natural or adopted, in the third paragraph of the will, which provided:

I have been previously married, and while married adopted two (2) children, but subsequently divorced, and as I desire my Wife, Ann Louise Baxter, to have my entire estate, I hereby expressly declare that it is my intention to exclude any and all children of mine, or claiming to be mine, whether they be adopted children or natural children, and whether said children are born before or after my execution of this Will; and, in the event any child or adopted child of mine attempts to inherit under this Will or the provisions of this Will and succeeds in inheriting, then in such event, I devise and bequeath to each said child One Dollar ($1.00).

The Testator's intent to disinherit can be gleaned from the four corners of the in-

strument and no ambiguity appears. The words of a will are to be taken in their ordinary and grammatical sense unless a clear intention to use them in another sense can be ascertained. 84 O.S.1981 § 158. No wider scope can be given to the words employed in a will than is plainly required nor may the court place a strained or overly technical construction upon the language. *Matter of Estate of Westfahl,* 674 P.2d 21 (Okl.1983).

The requisites of a valid will are that it be an instrument, in writing, that it be executed as prescribed by statute, with testamentary intent, that it makes a disposition of property to take effect after death, and that it be by its own nature ambulatory and revocable during the maker's lifetime. 94 C.J.S. *Wills,* § 127(1) (1956). Blackstone has defined a will as a "legal declaration of a man's intentions which he wills to be performed after his death". *In re: Scuitti's Estate,* 371 Pa. 536, 92 A.2d 188 (1952), quoting from *Burtt Will,* 353 Pa. 217, 44 A.2d 670 (1945). In Oklahoma, a will has been defined as a declaration of what a person desires to be done after his death. *Miller v. First Nat. Bank & Trust Co.,* 637 P.2d 75 (Okl.1981).

By this instrument entitled, "Last Will and Testament", the Testator intended to effect disposition of his property. Where a will contains several distinct provisions, some lawful and some unlawful, it should be declared void as to the unlawful parts and valid as to the rest. *Logan v. Schoolfield,* 55 Okl. 582, 155 P. 592 (1916).

We hold that although all bequests under the terms of the will lapsed, by operation of law, the will stands as a validly executed last will and testament. It evinces the Testator's intent to disinherit his natural or adopted children and to dispose of his property. Thus, the validly executed will was properly admitted to probate. *See Estate of Shimun,* 67 Cal.App.3d 436, 136 Cal.Rptr. 668 (1977), wherein it was held that a validly executed will which passed no property by operation of law but named an executor was valid and should be admitted to probate.

We need not address Jimmy and Charlene's propositions of error concerning the validity of the adoption proceedings as these issues are rendered moot by our finding that Jimmy and Charlene are disinherited by the above provision of the will.

Testator died testate, leaving a validly executed will. However, because all bequests of the will failed in this instance, the estate must pass by the laws of intestate succession. 84 O.S.Supp.1985, § 213. Final determination of the identity of any person or persons entitled to receive a portion of the assets of the estate; and, the proportional interest or asset such person or persons shall have the right to receive as an heir, devisee or legatee, must await the final hearing of a petition for distribution. *See* 58 O.S.1981, § 240. The trial court's judgment is clearly against the weight of the evidence and is hereby reversed and this matter is remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.

GARRETT, P.J., and MacGUIGAN, J., concur.