859 P.2d 1134 (1993)
In the Matter of the ESTATE OF George Murray WORSHAM, Deceased.
Jane C. THOMAS and Ann Elizabeth Parrott, Appellants,
v.
Michael S. WORSHAM, Appellee.
No. 79622.
Court of Appeals of Oklahoma, Division No. 1.
June 29, 1993.
Certiorari Denied September 15, 1993.
Chris Economou, Tulsa, for appellants.
Frank M. Rowell, Tulsa, for appellee.
Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 1.

*1135 MEMORANDUM OPINION

GARRETT, Judge:
Jane C. Thomas and Ann Elizabeth Parrott (Appellants) were appointed Personal Representatives of the estate of their uncle, George Murray Worsham, Deceased (Decedent). They are two of the four children of Decedent's sister, Margie E. Thomas (Margie), who predeceased Decedent. Michael S. Worsham (Appellee), Decedent's nephew, is the son of Decedent's brother Gus Cleveland Worsham, who also predeceased Decedent. Appellee contested the admission of Decedent's will to probate, but the Court found the Will to be valid and ordered it admitted to probate.[1]
In this appeal, Appellants contend the trial court erred in ordering the disposition of the residuary estate under the laws of intestate succession. The residuary clause of the will, which is a printed form, is as follows:
SECOND: All the rest, residue and remainder of my estate, both real and personal, of whatsoever kind or character, and wheresoever situated, I give, devise and bequeath to my beloved (wife) sister Margie E. Thomas (Margie E. Thomas), to be hers absolutely and forever.
The next paragraph of the will is:
THIRD: If my said (wife) sister does not survive me, then I give, devise and bequeath such rest, residue and remainder of my estate to:
 Name ______________________________
 Address ___________________________
 Number Street City State
 to be his/hers absolutely and forever.
Decedent, who never married, marked through the word "wife", and typed the word "sister" in both the second and third paragraphs. Appellee contended in the trial court that the gift and devise to Margie lapsed when she predeceased Decedent; and, that the third paragraph shows Decedent's intent to prevent her lineal descendants from receiving the residual estate pursuant to 84 O.S. 1991 § 142.[2] Margie qualifies as a "relation of the testator" under § 142. Appellee argued successfully that the two paragraphs were irreconcilable and that the estate should pass by intestacy, pursuant to 84 O.S. 1991 § 155.[3] In its order, the trial court reasoned:
[P]rovisions Two and Three are not reconcilable. Therefore, provision Three must prevail. It is not possible to determine the testamentary intent from this Provision, therefore, distribution must be made under the Laws of Succession.
Appellants contend the Court erred in finding that Decedent's intent could not be determined by the Will and that the provisions of paragraphs second and third were irreconcilable. They contend the third paragraph does nothing because it is incomplete, and that an incompleted provision of a pre-printed form will cannot be irreconcilable with anything. We agree. They also raise the defenses of res judicata and the law of the case, arguing that the validity of the Will was at issue in the first appeal.
First, the validity of the Will for purposes of admitting it to probate is not involved in this appeal. The requisites of a valid will are that it be an instrument, in writing, that it be executed as prescribed by statute, with testamentary intent, that it makes a disposition of property to take effect after death, and that it, by its own *1136 nature, is ambulatory and revocable during the testator's lifetime. See Matter of Estate of Baxter, 798 P.2d 644, 646 (Okl.App. 1990). The defenses of res judicata and law of the case are inapplicable to this appeal.
The application of § 155 requires a finding that the provisions are irreconcilable. Matter of Estate of Kelsay, 579 P.2d 838 (Okl.App. 1978) (Approved for Publication by the Supreme Court May 17, 1978). We disagree with the trial court that the third paragraph in the Will in this case is irreconcilable with the second paragraph. The third paragraph does not contain a devise, bequest or a beneficiary, contradictory or otherwise. It is incomplete because it fails to show how Decedent intended to dispose of his estate if his sister (Margie) should predecease him.
In interpreting a will the intention of the testator is paramount. 84 O.S. 1991 § 151. In the instant case, Decedent failed to fill in some of the blanks of a pre-printed form will. We assume he stopped where he did because he determined that paragraph did not apply to him. Although he did type in the word "sister" and mark out "wife" in the third paragraph, he did not complete the paragraph in such manner that it did something. The law presumes that Decedent knew the law in effect at the time his Will was executed. See Matter of Estate of Baxter, 798 P.2d 644 (Okl.App. 1990). Thus, we must presume he knew of the rule in 84 O.S. 1991 § 177, that if a devisee or legatee predeceases the testator, the testamentary disposition would fail unless an intention is shown to substitute someone in his place, except as provided in 84 O.S. 1991 § 142. Also, we must presume he knew Margie's lineal descendants would take if she predeceased him and it would be unnecessary to name a substitute due to the application of § 142. Under the applicable statutes, in order to divest Margie's lineal heirs, he would have to show some other intention. 84 O.S. 1991 § 177. He failed to do so. It is well settled in Oklahoma that one who executes a will is presumed to have wanted his estate to pass under his will rather than by intestate succession. In McGrath v. McAnelly, 609 P.2d 752, 755 (Okl. 1980), the Court said:
It is presumed in Oklahoma, a testator intends to dispose of his entire estate and avoid intestacy in whole or in part.
Also applicable to this case is 84 O.S. 1991 § 156:

§ 156. Plain devise not affected by other parts of will
A clear and distinct devise or bequest cannot be affected by any reasons assigned therefor, or by any other words not equally clear and distinct, or by inference or argument from other parts of the will, or by an inaccurate recital of or reference to its contents in another part of the will. (Emphasis added).
We find the devise to Margie in the second paragraph is clear and distinct, and pursuant to § 156, we hold that it is not affected by the third paragraph which is "not equally clear and distinct". This is particularly true where, as here, a preprinted form will is used which is not tailored to this particular testator, and the testator's failure "to fill in the blanks" results in meaningless language.
Actions involving will construction are equitable in nature. On appeal, this Court will examine the record and weigh the evidence, and the trial court's findings and judgment will not be disturbed unless they are contrary to law or clearly against the weight of the evidence. Matter of Estate of Baxter, supra, citing Matter of Estate of Doan, 727 P.2d 574 (Okl. 1986).
We hold the trial court erred in ordering the residuary estate to be distributed under the laws of intestate succession. We find the trial court's order and judgment contrary to law and clearly against the weight of the evidence.
REVERSED AND REMANDED for further proceedings consistent with this opinion.
*1137 ADAMS, P.J., not participating.
JONES, J., concurs.
NOTES
[1] Appellee appealed that order in appeal number 66,290, and this Court issued an opinion on October 13, 1987, affirming the trial court.
[2] 84 O.S. 1991 § 142 provides:

When any estate is devised or bequeathed to any child or other relation of the testator, and the devisee or legatee dies before the testator, leaving lineal descendants, such descendants take the estate so given by the will, in the same manner as the devisee or legatee would have done had he survived the testator.
[3] 84 O.S. 1991 § 155 provides:

All the parts of a will are to be construed in relation to each other, and so as to form one consistent whole, if possible but where several parts are absolutely irreconcilable, the latter as to position must prevail.